*Phillips & Cohen Associates, LTD*

1

2

3

4

5

### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### IN AND FOR THE COUNTY OF YAKIMA

6

| | |
|---|---|
| Carl H. Plumb, pro se       Plaintiff,<br><br>vs.<br><br>BARCLAYS BANK DELAWARE;<br>FIRSTSOURCE ADVANTAGE, LLC;<br>COLLECTCORP CORPORATION; PLAZA<br>ASSOCIATES aka AID ASSOCIATES, INC.;<br>FINANCIAL RECOVERY SERVICES, INC;<br>PHILLIPS & COHEN ASSOCIATES, LTD.<br>      Defendants. | NO. _____<br><br><br>SUMMONS (20 days) |

7

8

9

10

11

12

13

STATE OF WASHINGTON, TO: The Defendants above named.

14

A lawsuit has been started against you in the above entitled court by the above named plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

15

16

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

17

18

19

20

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

21

22

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

23

SUMMONS        Page 1 of 2          Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

5



1    This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the
     State of Washington.

2    Dated: _August 9_ , 2011        By: _____

3                                         Carl H. Plumb
                                          4902 Richey Rd.
4                                         Yakima, WA 98908
                                          509-965-4304/509-965-4334 Fax

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

SUMMONS            Page 2 of 2                              Carl H. Plumb
                                                           4902 Richey Rd.
                                                           Yakima, WA 98908
                                                   509-965-4304/509-965-4334 Fax

6

A-2

1

2

3

4

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF YAKIMA

5

6

| | |
|---|---|
| Carl H. Plumb, pro se<br><br>Plaintiff,<br><br>vs.<br><br>BARCLAYS BANK DELAWARE;<br>FIRSTSOURCE ADVANTAGE, LLC;<br>COLLECTCORP CORPORATION; PLAZA<br>ASSOCIATES aka AID ASSOCIATES, INC.;<br>FINANCIAL RECOVERY SERVICES, INC;<br>PHILLIPS & COHEN ASSOCIATES, LTD.<br><br>Defendant. | NO. _____<br><br><br>COMPLAINT |

7

8

9

10

11

12

13

COMES NOW Plaintiff, Carl H. Plumb, acting on his own behalf as *pro se*, for

14

his complaint against Defendants, BARCLAYS BANK DELAWARE ("Barclays"),

FIRSTSOURCE ADVANTAGE, LLC ("Firstsource"), COLLECTCORP

15

CORPORATION ("Collectcorp"), PLAZA ASSOCIATES aka AID ASSOCIATES,

INC. ("Plaza"), FINANCIAL RECOVERY SERVICES, INC. ("FRS"), and PHILLIPS &

16

COHEN ASSOCIATES, LTD. ("Phillips") alleges as follows:

17

**INTRODUCTION**

18

1.    This is an action brought for damages for violations of the following:   the

19

Washington State Fair Credit Reporting Act RCW 19.182 *et seq*; the Fair Debt Collection

Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq*; the Fair Credit Reporting Act

20

("FCRA") 15 U.S.C. §1681 *et seq;* the Telephone Consumer Protection Act ("TCPA") 47

21

U.S.C. § 227 *et seq*; the Washington State Consumer Protection Act ("CPA") RCW

19.86 *et seq*; and Violating Right of Privacy RCW 9.73.030.

22

2.    While many violations are described below with specificity, this Complaint

23

alleges violations of the statutes cited in their entirety.

COMPLAINT          Page 1 of 22

**COPY**

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-3

7

3.    Violations by Defendants were known, willful, and intentional. The Defendants actions were unfair, unreasonable and deceitful. The extensive degree of repetitive, frequent and persistent violations by each of the Defendants show that the Defendants did not maintain procedures reasonably adapted to avoid any such violations. The Defendants' pattern of behavior of violations show that the Defendants did not have, or follow, internal error-correction procedures to avoid violations or to comply with RCW 19.182 *et seq*, 15 U.S.C. §1692 *et seq*, 15 U.S.C. §1681 *et seq*, 47 U.S.C. § 227 *et seq*, RCW 19.86 *et seq*, and RCW 9.73.030.

## JURISDICTION AND VENUE

4.    The jurisdiction of this Court is conferred by 28 U.S.C. § 1331, 15 U.S.C. §1681p, 15 U.S.C. §1692k, 28 U.S.C 1367, and RCW 4.28.080(9).

5.    Venue is proper in this circuit pursuant to 28 U.S.C. §1391 and by the fact Plaintiff at all times relevant was a resident of Yakima County, Washington and Defendants conducted business in Yakima County, Washington.

6.    Plaintiff, Carl H. Plumb, is a natural person and is a resident of the State of Washington.

7.    Defendant, *Barclays Bank Delaware*, is a Delaware Corporation whose principal office is 125 S. West Street, Wilmington, Delaware 19801-5015. Barclays is not registered with the Washington Secretary of State. Barclays is licensed by the Washington State Department of Licensing as a Washington State Business with no entity type. Barclays is a banking entity and alleged creditor for an unknown, disputed account ending in "9883" or "1692" allegedly owed by Plaintiff.

8.    Defendant, *Firstsource Advantage, LLC*, is a New York Limited Liability Company whose principal office is 205 Bryant Woods S, Amherst, New York 14228-3609. Firstsource is registered with the Washington Secretary of State, and its registered agent is CT Corporation System, 1801 West Bay Drive NW, Ste 206, Olympia, Washington 98502. Firstsource is licensed by the Washington State Department of Licensing as a collection agency and is an alleged debt collector for Barclays.

9.    Defendant, *Collectcorp Corporation*, is an Arizona corporation whose principal office is 455 N 3rd Street, Ste 260, Phoenix, Arizona 85004. Collectcorp is registered with the Washington Secretary of State, and its registered agent is CT

COMPLAINT          Page 2 of 22

A-4

1    Corporation System 1801 West Bay Drive NW, Ste 206, Olympia, Washington 98502.
Collectcorp is licensed by the Washington State Department of Licensing as a collection
2    agency and an alleged debt collector for Barclays.

3        10.    Defendant, *Plaza Associates*, is a "trade-name" for *AID Associates, Inc.*, a
4    New York corporation whose principal office is 370 Seventh Avenue #1200, New York,
New York 10001-3982. AID Associates, Inc. is not registered with the Washington
5    Secretary of State. AID Associates, Inc. is licensed by the Washington State Department
6    of Licensing as a collection agency. Plaza Associates is not licensed or registered with
7    Washington State but is an alleged debt collector for Barclays.

8        11.    Defendant, *Financial Recovery Services Inc*, is a Minnesota corporation
whose principal office is 4900 Viking Drive, Edina, Minnesota 55435. FRS is not
9    registered with the Washington Secretary of State. FRS is licensed by the Washington
10   State Department of Licensing as a collection agency. FRS is an alleged debt collector
for Barclays.

11       12.    Defendant, *Phillips & Cohen Associates, LTD.*, is a New Jersey corporation
12   whose principal office is 695 Rancocas Road, Westampton, New Jersey 08060. Phillips
is registered with the Washington Secretary of State and its registered agent is CT
13   Corporation System, 1801 West Bay Drive NW, Ste 206, Olympia, Washington 98502.
14   Phillips is licensed by the Washington State Department of Licensing as a collection
15   agency. Phillips is an alleged debt collector for Barclays.

16       13.    This Court has personal jurisdiction over the Defendants because
Defendants do business within the State of Washington, at all times relevant Defendants
17   conducted business within the State of Washington and Defendants have committed acts
18   causing injury to a Washington citizen.

19       14.    Venue in Yakima County is proper because at all times relevant, the cause
of action arose in Yakima County.

20       15.    All conditions precedent to the bringing of this action have been
21   performed, waived or excused.

### FACTUAL ALLEGATIONS

22       16.    On or about February 8, 2010 Plaintiff received a letter dated February 3,
23   2010 from Firstsource. Firstsource was attempting to collect an alleged debt owed to an

COMPLAINT        Page 3 of 22                    Carl H. Plumb
                                                 4902 Richey Rd.
                                                 Yakima, WA 98908
                                                 509-965-4304/509-965-4334 Fax

9

A-5

alleged creditor, Barclays. Barclays was an entity unknown to the Plaintiff. The alleged

debt was for an account ending in "9883." In its letter, as required by 15 U.S.C. §

1692g(a)(4) and (5), Firstsource promised the Plaintiff the following:

> "If you notify this office in writing within 30 days after receiving this notice that
> you dispute the validity of this debt or any portion thereof, this office will obtain
> verification of the debt or obtain a copy of a judgment and mail you a copy of
> such judgment or verification. If you request this office in writing within 30 days
> after receiving this notice, this office will provide you with the name and address
> of the original creditor, if different from the current creditor."

17.    On February 21, 2010 Plaintiff sent a timely letter to Firstsource disputing

the alleged debt, requesting validation of the alleged debt and requesting the name and

address of the original creditor. Plaintiff requested that the Defendant not telephone him

and that all communication be in writing. The letter was received by Firstsource on

February 25, 2010. Firstsource did not respond to the request.

18.    On March 27, 2010 Plaintiff sent a second letter to Firstsource notifying the

Defendant that it had not validated the alleged debt nor provided the requested-

information. The letter was received by Firstsource on March 30, 2010. Firstsource did

not respond to the request.

19.    On April 3, 2010 Plaintiff sent a third letter to Firstsource disputing the

alleged debt, requesting the name and address of the alleged creditor and requesting

further information concerning the alleged debt. Plaintiff also stated, "This is my <u>second</u>

request for you to not contact me by telephone." The letter was received by Firstsource

on April 6, 2010. Firstsource did not respond to the request.

20.    Plaintiff is informed and believes that Barclays and/or Firstsource

transferred the disputed account to Collectcorp for collection without disclosing that the

debt was disputed. Collectcorp later became aware that the debt was disputed.

21.    On June 2, 2010, unbeknownst to the Plaintiff, until discovered later,

Collectcorp willfully and knowingly invaded Plaintiff's right of privacy by obtaining

Plaintiff's consumer report ("hard pull") from TransUnion Consumer Reporting Agency

("TransUnion") under false pretenses and without a permissible purpose. Collectcorp's

actions harmed the Plaintiff's credit score and reputation.

22.    On June 7, 2010 Plaintiff received a letter dated June 2, 2010 from

COMPLAINT        Page 4 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-6

1    Collectcorp attempting to collect the debt allegedly owed to Barclays for an account

2    ending in "1692." The account number was different from the one claimed earlier by

3    Firstsource. Collectcorp promised to provide Plaintiff verification of the alleged debt and
     creditor information if requested.

4          23.    On June 8, 2010 Plaintiff mailed a timely letter to Collectcorp, disputing

5    the alleged debt, requesting validation of the alleged debt, requesting the name and
     address of the alleged creditor and further information. The letter was received by

6    Collectcorp on June 11, 2010. Collectcorp did not respond to the request.

7          24.    Plaintiff is informed and believes Barclays and/or Collectcorp transferred
     the account to Plaza for collection without disclosing that the debt was disputed. Later,

8    Plaza became aware that the debt was disputed.

9          25.    On October 13, 2010 Plaintiff received a letter dated October 7, 2010 from

10   Plaza attempting to collect the alleged debt owed to Barclays for an alleged account

11   ending in "9883." The account number was different from the one that Collectcorp had
     claimed earlier. In its letter, Plaza promised to provide the Plaintiff verification of the

12   alleged debt and creditor information if requested.

13         26.    On November 4, 2010 Plaintiff sent a timely letter to Plaza disputing the
     alleged debt, requesting validation of the alleged debt, requesting the name and address

14   of the alleged creditor and further information. The letter requested that Defendant not

15   communicate by telephone and that all communication be in writing. The letter was

16   received by Plaza on November 9, 2010. Plaza did not respond to the request.

17         27.    On December 15, 2010 Plaintiff sent a second letter to Plaza notifying them
     that they had not validated the alleged debt nor had they provided the requested

18   information. The letter was received by Plaza on December 21, 2010. Again, Plaza did

19   not respond to Plaintiff's letter.

20         28.    Plaintiff is informed and believes, Barclays and/or Plaza transferred the
     disputed account to FRS for collection without disclosing to FRS that the debt was

21   disputed. FRS later became aware that the debt was disputed.

22         29.    On March 8, 2011 Plaintiff received a letter dated March 3, 2011 from FRS

23   attempting to collect an unknown debt, allegedly owed to Barclays ending in "9883." In
     its letter, FRS promised to provide the Plaintiff verification of the alleged debt and

COMPLAINT          Page 5 of 22                        Carl H. Plumb
                                                       4902 Richey Rd.
                                                       Yakima, WA 98908
                                              509-965-4304/509-965-4334 Fax

11

A-7

creditor information if requested.

30.    On March 21, 2011 Plaintiff sent a timely letter to FRS disputing the alleged debt, requesting validation of the alleged debt, requesting the name and address of the alleged creditor and further information. The letter requested that FRS not communicate by telephone and that all communication be in writing. The letter was sent received by FRS on March 25, 2011. FRS did not respond to Plaintiff's requests.

31.    Plaintiff is informed and believes Barclays and/or FRS transferred the disputed account to Phillips for collection without disclosing to Phillips that the debt was disputed. Phillips later became aware that the debt was disputed.

32.    On April 1, 2011 unbeknownst to the Plaintiff until discovered later, Phillips willfully and knowingly invaded Plaintiff's right of privacy by obtaining Plaintiff's consumer report from Equifax Consumer Reporting Agency ("Equifax") under false pretenses and without a permissible purpose.

33.    On April 8, 2011 Plaintiff received a letter dated April 1, 2011 from Phillips attempting to collect the alleged debt owed to Barclays for an unknown, alleged account ending in "9883." In its letter Phillips promised to provide the Plaintiff with verification of the alleged debt and creditor information if requested.

34.    On April 12, 2011 Plaintiff sent a timely letter to Phillips disputing the unknown, alleged debt, requesting validation of the alleged debt and the name and address of the alleged creditor and other information. The letter requested that Phillips not communicate by telephone, but that all communication be in writing. Phillips received the letter on April 15, 2011. Phillips did not respond to Plaintiff's requests.

35.    On about June 2, 2011 Plaintiff discovered from an Equifax consumer report issued to him on May 26, 2011 that Phillips had obtained his consumer report on 04/01/2011 under the false and deceptive pretense that it had a "Permissible Purpose," certifying that its inquiry was "a periodic review" of Plaintiff's credit history by one of Plaintiff's "creditors." This was a known false certification. Phillips also falsely represented both its name and place of business as being "Phillips and Cohenassoc." located at 6601 Park Of Commerce Blvd Ltd/Analatytics Group Inc Boca Raton, FL 33487-8247.

36.    On about February 2, 2011 Plaintiff discovered from a TransUnion

COMPLAINT          Page 6 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-8

consumer report issued to him on January 24, 2011 that Collectcorp had obtained his consumer report on 06/02/2010 under the false and deceptive pretense that it had a "Permissible Purpose." Collectcorp's wrongful inquiry reduced Plaintiff's credit score and will remain on Plaintiff's consumer report, from 06/02/2010, for two years for anyone to see.

37.     Later, on April 27, 2011 Plaintiff disputed to Collectcorp in writing the improper inquiry made under false pretenses. In bad faith, Collectcorp refused to remove from Plaintiff's consumer report the false inquiry information it had provided to TransUnion.

38.     For the specific purpose of securing Plaintiff's interest in his right of privacy, both Plaintiff's residential telephone number and personal, private cellular telephone numbers are on the "National Do Not Call Registry. Plaintiff's cellular telephone number was also purposefully never a published number and the number was never listed on any application or any account with any business entity, including, but not limited to Barclays and the other defendants.

39.     Plaintiff has never given "prior express consent," "permission" or "release" of either the Plaintiff's residential telephone number or his private cellular telephone number to the Defendants.

40.     The Defendants did not have an "established business relationship" with the Plaintiff.

41.     Nevertheless, on numerous occasions, Defendants willfully and knowingly called both Plaintiff's residential telephone and personal, private cellular telephone without permission.

42.     Plaintiff repeatedly requested both in writing and orally that the Defendants not telephone.

43.     Defendants failed to disclose in their telephone communications that they were debt collectors.

44.     Defendants made telephone calls without meaningful disclosure of the caller's identity, including, but not limited to, blocking the caller's name and/or telephone number from appearing on the caller ID.

45.     Defendants failed to disclose that their telephone communications were

COMPLAINT        Page 7 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-9

recorded.

46.    Defendants repeatedly violated Plaintiff's right of privacy because each Defendant called Plaintiff more than once within a 12-month period.

47.    Defendants harassed the Plaintiff by communicating with the Plaintiff in any form, manner, or place, more than three times in a single week.

48.    On numerous occasions, Defendants left recorded messages on Plaintiff's residential and cell phones without express permission.

49.    On numerous occasions, Defendants left recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiff's residential and cell phones without express permission.

50.    On numerous occasions, Defendants called Plaintiff's residential telephone and personal, private cellular telephone using automated telephone equipment.

51.    Plaintiff verbally requested the identity of the caller until he realized that they were automated calls.

52.    After receiving Plaintiff's repeated requests not to telephone, in bad faith and for the purpose of harassment, Defendants called both of Plaintiff's residential and cellular telephone numbers.  Plaintiff's written log and cell phone records alone (showing the telephone numbers, dates and exact time of the calls), prove that the Defendants knowingly and willfully called Plaintiff's private cell phone on the following days:

  a.    Firstsource called Plaintiff's private cell phone at least three times, including, but not limited to on 4/30/2010, 5/5/2010 and 5/11/2010.

  b.    Collectcorp called Plaintiff's private cell phone at least eleven (11) times. Among those eleven (11) times Collectcorp called Plaintiff's private cellular phone five (5) times in one week's time – on 09/21/10, 09/22/10, 09/24/10, 09/27/10, 09/28/10; four (4) times in one week's time on 09/29/10, 09/29/10, 09/29/10, 09/30/10 and three of those calls were in one day's time on 09/29/10.

  c.    Plaza called Plaintiff's private cell phone at least nine (9) times. Among those nine (9) times Plaza called Plaintiff's private cellular phone two (2) times on 10/5/10; three (3) times on 10/19/10; three (3) times on 10/25/10; and six (6) times in one week on 10/19/10, 10/19/10, 10/19/10, 10/25/10,

COMPLAINT          Page 8 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-10

10/25/10, 10/25/10.

    d.   FRS called Plaintiff's private cell phone at least four (4) times, including, but not limited to on 03/8/11, 03/9/11, 03/15/11/ and 03/16/11.

    e.   Phillips called Plaintiff's private cell phone including, but not limited to on 03/31/11.

    53.    Phillips called Plaintiff's residential telephone, on dates including but not limited to on 04/04/11 and on 04/13/11.

    54.    Plaintiff suffered emotional and mental anguish and distress by the repeated, harassing and haranguing debt collections efforts by the Defendants, including communications and telephone calls from one Defendant after another and their accusations of him owing an unknown, unverified, disputed debt with different account numbers from an unknown entity. Defendants' willful and unconscionable harassing actions and phone calls interrupted and interfered with Plaintiff's normal business calls and activities, caused a loss of sleep and appetite, and prevented Plaintiff from receiving vital customer inquiries, interfered with his ability to respond promptly and as a result Plaintiff missed calls which caused a loss of business and income. By commission and omission, Defendants' unreasonable and unfair refusals to respond to Plaintiff's requests, to provide a reasonable validation of the alleged debt and creditor information, their repeated unlawful invasions of his right of privacy by telephone and unlawfully accessing his consumer report, harmed the Plaintiff resulting in emotional and mental distress, pain, anguish, and suffering, humiliation, loss of business and livelihood, loss of use of funds, loss of reputation, loss in credit rating, and expenditures of attorney's fees and costs.

    55.    Under the law of agency (the agent's acts bind the principal), Barclays is responsible for the actions of its agents and debt collectors, Firstsource, Collectcorp, Plaza, FRS, and Phillips. Barclays is liable and obligated to insure that its agents maintain procedures reasonably adapted to avoid any violations of law and that they follow internal, error-correction procedures to avoid violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq*, the Washington Fair Credit Reporting Act, RCW 19.182 *et seq*, the Collection Agencies Act, RCW 19.16 *et seq*, the Washington Consumer Protection Act, RCW 19.86 *et seq*. and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*, Telephone Consumer Protection Act ("TCPA"), 47

COMPLAINT      Page 9 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-11

U.S.C. § 227 *et seq*, and the Right of Privacy, RCW 9.73 *et seq*.

## COUNT ONE

**WILLFUL VIOLATIONS OF: THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 *et seq*;
THE COLLECTION AGENCIES ACT, RCW 19.16 *et seq*; AND THE CONSUMER PROTECTION ACT RCW 19.86 *et seq* BY DEFENDANTS FIRSTSOURCE, COLLECTCORP, PLAZA, FRS, PHILLIPS AND BARCLAYS (UNDER THE LAW OF AGENCY)**

56.    Plaintiff re-alleges and incorporates the above paragraphs as though fully set forth herein.

Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

57.    The FDCPA, 15 U.S.C. §1692 *et seq* was enacted by Congress because of the abundant use by many debt collectors of abusive, deceptive and unfair debt collection practices and for the purpose of eliminating abusive debt collection practices by debt collectors.

58.    Defendants Firstsource, Collectcorp, Plaza, FRS, and Phillips, are debt collectors within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

59.    Under the law of agency, alleged creditor and Defendant, Barclays, is responsible for its agents and debt collectors.

60.    The Defendant debt collectors willfully and knowingly violated the FDCPA by their repeated use of abusive, deceptive and unfair debt collection practices.

61.    Defendants' violations include, but are not limited to, the following:

a.    Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of an unverified debt.

b.    Defendants violated the FDCPA, 15 U.S.C. §1692e by making false and misleading representations saying they possessed, or could possess, verification of the alleged debt and that they <u>would</u> provide the validation or verification documents if asked, but they did not provide the validation or verification documents.

c.    Defendants violated the FDCPA, 15 U.S.C. §1692e(5) by threatening to take actions that could not legally be taken or that they did not intend to take.

d.    Defendants violated the FDCPA, 15 U.S.C. §1692e(8) by communicating or

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-12

1   threatening to communicate to third parties credit information which is
    known or which should be known to be false, including the failure to
2   communicate that a debt is disputed.

3   e.   Defendants violated the FDCPA, 15 U.S.C. §1692e and 15 U.S.C.
4        §1692e(10) by the use of false, deceptive and misleading representation and
         means in connection with the collection of a debt or obtaining information
5        concerning a consumer.

6   f.   Defendants violated the FDCPA, 15 U.S.C. §1692g(b) because when the
7        Plaintiff had notified Defendants in writing within the thirty (30) day period
         described in the FDCPA, 15 U.S.C. § 1692g(a), that the alleged debt was
8        disputed, Defendants continued to attempt to collect the debt before any
9        verification of the debt was provided to Plaintiff.

10  g.   Defendants violated 15 U.S.C. § 1692d, because the natural consequence of
         the Defendants' actions were to harass, oppress, and abuse the Plaintiff by
11       the following: 1) accusing Plaintiff of owing an alleged debt; 2) promising
12       Plaintiff "this office will obtain verification of the debt" and "this office will
         provide you with the name and address of the original creditor, if different
13       from the current creditor;" 3) failing to provide the promised information to
14       Plaintiff; 4) failing to comply with Plaintiff's requests not to telephone; and
15       5) telephoning Plaintiff without permission.

16  h.   Defendants violated 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, because the
         natural consequence of the Defendants' actions was to harass, oppress, and
17       abuse the Plaintiff by giving the alleged debt to another debt collector and/or
18       back to the alleged creditor, Barclays, for further collection purposes without
         notifying the Defendant and without reporting to third parties that the alleged
19       debt was disputed.

20  i.   Defendants violated 15 U.S.C. §1692d(6) on numerous occasions by placing
21       telephone calls to Plaintiff without meaningful disclosure of the caller's
         identity.
22
23  j.   Defendants violated 15 USC § 1692e(11) on numerous occasions by failure
         to disclose in their telephone communications that the communication was

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

17

A·13

from a debt collector.

k.   Defendants violated the FDCPA, 15 U.S.C. § 1692c(b) on numerous occasions by communicating with third parties without the prior consent of Plaintiff given directly to the debt collector, and when not reasonably necessary to effectuate a post-judgment judicial remedy.

l.   Defendants violated the FDCPA, 15 U.S.C. § 1692d(5) on numerous occasions by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

m.   Defendants violated the FDCPA, 15 U.S.C. § 1692f on numerous occasions by omission and/or commission by the unfair practice of making untrue, misleading statements or misrepresentations to the Plaintiff and other third parties in reference to the alleged debt and account.

n.   Defendants violated the FDCPA, 15 U.S.C. §1692 by collecting or attempting to collect a debt asserted to be owed without properly investigating the alleged account and without possessing sufficient certified original or certified-to-be-true-and-exact copies of documents proving the alleged debt was bona fide and originated by the Plaintiff.

o.   Defendants violated the FDCPA, 15 U.S.C. §1692e by unfairly attempting to enforce an unverified debt, failing to properly investigate the alleged debt before attempting to collect on it and by failing to advise Plaintiff as to any transfers or assignments of the alleged debt from the alleged original creditor to any successor creditor or to any alleged debt collector.

p.   Collectcorp violated the FDCPA, 15 U.S.C. § 1692e(2)(A) and §1692g(b) by knowingly and willfully obtaining Plaintiff's consumer report from TransUnion under false, deceptive and misleading representation.

q.   Phillips violated the FDCPA, 15 U.S.C. § 1692e(2)(A) and §1692g(b) by knowingly and willfully obtaining Plaintiff's consumer report from Equifax under false, deceptive and misleading representation.

r.   Collectcorp violated the FDCPA, 15 U.S.C. § 1692e(7)(8)&(9) and RCW 19.182 by knowingly and willfully invading Plaintiff's right of privacy when

COMPLAINT          Page 12 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A·14

it obtained Plaintiff's consumer report under false pretenses; by certifying to TransUnion that Collectcorp had a "permissible purpose" to access Plaintiff's consumer report; by hurting Plaintiff's credit score; and by communicating to TransUnion information which is known or which should be known to be false.

s.  Phillips violated the FDCPA, 15 U.S.C. § 1692e(7)(8)&(9) and RCW 19.182 by knowingly and willfully invading Plaintiff's right of privacy when it obtained Plaintiff's consumer report under false pretenses; by certifying to Equifax that Phillips had a "permissible purpose" as a "creditor" to access Plaintiff's consumer report; by communicating to Equifax information which is known or which should be known to be false.

t.  Collectcorp violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by knowingly and willfully claiming that Plaintiff owed an alleged debt for an account number ending in "1692" that had no relation to the unknown, alleged account ending in "9883" that the other debt collectors claimed belonged to Barclays.

u.  Plaza violated the FDCPA, 15 U.S.C. § 1692e(14) by the use of a business, company or organization name other than the true name of the debt collector's business, company, or organization, which is AID Associates, Inc. (Plaza also operated without a State of Washington license in violation of the Collection Agencies Act (RCW 19.16.110).

v.  Phillips violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take legal action that cannot legally be taken or that it did not intend to take by stating that its agreement with Barclays stipulated that they could explore "all options" for recovering the alleged amount owed to Barclays and that Barclays was approaching this matter with the "utmost seriousness." Phillips also threatened and intimidated the Plaintiff by referring to the Plaintiff's consumer report and implying that if Plaintiff did not satisfy the alleged obligation, Plaintiff's credit history would not be "updated."

w.  Defendants violated the FDCPA, 15 U.S.C. § 1692f(1) by attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A·15

agreement creating the debt or permitted by law. (Defendants did not possess an agreement creating the alleged debt.)

x.  Defendants violated the FDCPA because they did not maintain procedures reasonably adapted to avoid any such violations. See 15 U.S.C. § 1692k(c).

62.    Defendants' actions were egregious and unlawful. Defendants' actions have harmed Plaintiff resulting in emotional and mental distress, pain, anguish, and suffering, humiliation, loss of livelihood, loss of use of funds, loss of reputation, loss in credit rating, and expenditures of attorney's fees and costs.

63.    Defendants did not insure that they maintained procedures reasonably adapted to avoid any such violations or followed any internal, error-correction procedures to avoid violations.

64.    Pursuant to 15 U.S.C. § 1692k(a)(1) all Defendants are liable and Plaintiff is entitled to all actual damages sustained by the Plaintiff as a result of the Defendants' intentional and willful failures, plus, pursuant to 15 U.S.C. § 1692k(a)(2)(A), $1,000 additional damages from each Defendant for such violations.

65.    The violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 as described above are prohibited practices and violations of Washington State's Collection Agencies Act including, but not limited to, those found at RCW 19.16.110 and RCW 19.16.250.

66.    A violation of RCW 19.16 is cumulative and nonexclusive and shall not affect any other remedy available at law pursuant to RCW19.16.900.

67.    Pursuant to the Collection Agencies Act at RCW 19.16.440, violations of RCW 19.16.110 and 19.16.250 are unfair and deceptive trade practices under the Consumer Protection Act found at RCW 19.86.

68.    Pursuant to RCW 19.86.020, unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. Pursuant to RCW 19.86.140, every person who violates RCW 19.86.020 shall forfeit and pay a civil penalty of not more than two thousand dollars for each violation.

69.    Pursuant to RCW 19.86.039, Defendants' repeated pattern of behavior of the use of unfair and deceptive acts and practices has the capacity to injure other persons. Pursuant to RCW 19.86.090 treble damages are authorized for civil action for damages.

COMPLAINT              Page 14 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-16

WHEREFORE, Plaintiff demands judgment for damages against each Defendant, severally and individually, for actual damages, plus additional statutory damages, the cost of the action, attorney's fees pursuant to 15 U.S.C. §1692k, plus treble damages pursuant to RCW 19.86.090, and for such other further and equitable relief as the Court deems just and proper.

## COUNT 2
### WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA"), 15 U.S.C. §1681 *et seq*;  WASHINGTON FAIR CREDIT REPORTING ACT RCW 19.182 *et seq*; THE CONSUMER PROTECTION ACT ("CPA") RCW 19.86 *et seq* BY DEFENDANTS COLLECTCORP, PHILLIPS AND BARCLAYS (UNDER THE LAW OF AGENCY)

70.    Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

71.    Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c), RCW 19.182 *et seq* and RCW 19.86. *et seq.*

72.    Transunion and Equifax are consumer reporting agencies (CRA) as defined in 15 U.S.C. §1681(f), regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681(a)(b), to third parties for monetary compensation.

73.    A CRA can legally issue a report only for the purposes listed in 15 U.S.C. § 1681b. These procedures require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.

74.    Collectcorp and Phillips are third parties or "credit users" of consumer reports that are liable and responsible to comply with the FCRA, 15 U.S.C. §1681a(c), RCW 19.182 *et seq* and RCW 19.86. *et seq.*

75.    Collectcorp and Phillips are third parties or "credit users" of consumer reports obtained from CRA's through a general or specific certification. Pursuant to 15 U.S.C. § 1681e, prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.

76.    Collectcorp's and Phillips' willful and intentional violations include, but are

COMPLAINT          Page 15 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-17

not limited to, the following:

    a.  Collectcorp deceitfully obtained Plaintiff's consumer report by making a known-to-be-false, general or specific certification to TransUnion that it was obtaining Plaintiff's consumer report for a purpose for which the consumer report was authorized to be furnished. Collectcorp's purpose was falsely certified to TransUnion. (See 15 U.S.C.§ 1681e and 15 U.S.C. §1681b(f)).

    b.  Collectcorp violated 15 U.S.C. §1681b(f) and RCW 19.182 by obtaining Plaintiff's consumer report from TransUnion under false pretenses and without a "permissible purpose" as defined by 15 U.S.C. §1681b.

    c.  Phillips deceitfully obtained Plaintiff's consumer report by making a known-to-be-false, general or specific certification to Equifax that it was obtaining Plaintiff's consumer report for a purpose for which the consumer report was authorized to be furnished. Phillips falsely certified to Equifax that its "Phillips and Cohenassoc." inquiry from Florida was "a periodic review" of Plaintiff's credit history by one of Plaintiff's "creditors." These were known false statements. (See 15 U.S.C.§ 1681e and 15 U.S.C. §1681b(f)).

    d.  Phillips violated 15 U.S.C. §1681b(f) and RCW 19.182 by obtaining Plaintiff's consumer report from Equifax under false pretenses and without a "permissible purpose" as defined by 15 U.S.C. §1681b.

    e.  Collectcorp claimed it possessed an account ending in "1692." This was an affirmative misrepresentation. Collectcorp obtained Plaintiff's consumer report under false pretenses and a falsely alleged "Permissible Purpose" without being in possession of a legitimate account.

    f.  Collectcorp obtained Plaintiff's consumer report from TransUnion in violation of the FCRA at § 1681e(a), § 1681n, § 1681o, & § 1681q and RCW 19.182. Collectcorp knew or should have known its actions were illegal and would hurt Plaintiff's credit score and reputation. Collectcorp's actions were done with a callous disregard of Plaintiff's right to privacy, the FCRA and other laws.

    g.  Phillips obtained Plaintiff's consumer report from Equifax in violation of the FCRA at § 1681e(a), § 1681n, § 1681o, & § 1681q and RCW 19.182. Phillips

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

1    knew or should have known its actions were illegal.

    h.  Collectcorp and Phillips willfully invaded Plaintiff's privacy under 15 U.S.C.

2            § 1681n & § 1681o, which authorizes civil causes of action for

3            noncompliance with the requirements of the FCRA.

    i.  Collectcorp's and Phillips' procurement of the report, without disclosing the

4            impermissible purpose for which it was sought, constituted obtaining

5            consumer information under false pretenses contrary to 15 U.S.C. § 1681q and

6            RCW 19.182. The FCRA authorizes a civil remedy against a user of a

7            consumer report who fails to comply with the Act's criminal provision.

    77.    Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply

8    with any requirement imposed under this title with respect to any consumer is liable to

9    that consumer in an amount equal to (1) actual damages sustained by the consumer as a

10   result of the failure or $1,000, whichever is greater; (2) such amount of punitive damages

as the court may allow; and (3) in the case of any successful action to enforce any

11   liability under this section, the costs of the action together with reasonable attorney's fees

12   as determined by the court.

    78.    Collectcorp's and Phillips' willful and intentional obtaining information on

13   the Plaintiff from a consumer reporting agency under false pretenses is a violation of the

14   Washington State Fair Credit Reporting Act, RCW 19.182.130.

    79.    Pursuant to RCW 19.182.150, a violation of RCW 19.182 is an unfair or

15   deceptive act in trade or commerce for the purpose of applying the Consumer Protection

16   Act, RCW 19.86 and for purposes of a judgment awarded pursuant to an action by a

17   consumer under RCW 19.86.

    80.    There has been a willful failure by Collectcorp to comply with the

18   requirements imposed under chapter RCW 19.182, therefore, Plaintiff is entitled to be

19   awarded actual damages, plus a monetary penalty of one thousand dollars per month from

20   06/02/2010 to the present, and the costs of the action together with reasonable attorneys'

21   fees as determined by the court.

    81.    There has been a willful failure by Phillips to comply with the requirements

22   imposed under chapter RCW 19.182, therefore, Plaintiff is entitled to be awarded actual

23   damages, plus a monetary penalty of one thousand dollars, and the costs of the action

COMPLAINT        Page 17 of 22

23

A - 19

together with reasonable attorneys' fees as determined by the court.

82.    Collectcorp's willful and unlawful action has harmed Plaintiff resulting in emotional and mental distress, pain, anguish, and suffering, humiliation, loss of livelihood, loss of use of funds, loss of reputation, loss in credit rating, and expenditures of fees and costs.

83.    Phillips' willful and unlawful action has harmed Plaintiff resulting in emotional and mental distress, pain, anguish, and suffering, humiliation, loss of livelihood, loss of use of funds, loss of reputation and expenditures of fees and costs.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Collectcorp, Phillips and Barclays (by the Law of Agency), severally and individually, for actual and statutory damages, three times the actual damages sustained, punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n, RCW 19.182.150 and RCW 19.86.090 and for such other further and equitable relief as the Court deems just and proper.

## COUNT THREE

**WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227 *et seq* AND THE CONSUMER PROTECTION ACT ("CPA") RCW 19.86 *et seq* BY DEFENDANTS FIRSTSOURCE, COLLECTCORP, PLAZA, FRS, PHILLIPS AND BARCLAYS (UNDER THE LAW OF AGENCY)**

84.    Plaintiff re-alleges and incorporates the above paragraphs as though fully set forth herein.

85.    The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* was intended to protect Plaintiff's right to privacy. Both Plaintiff's residential telephone number and personal, private cellular telephone number are on the "National Do Not Call Registry." Plaintiff's private cellular telephone number was intentionally never a published number and the number was never listed on any application or any account with any business entity.

86.    Plaintiff has never given "prior express consent," "permission" or "release" of the Plaintiff's residential telephone number or his private cellular telephone number to the Defendants and the Defendants do not have an "established business relationship" with the Plaintiff within the meaning of 47 U.S.C. § 227(a)(2).

COMPLAINT          Page 18 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-20

87.    Defendants violated the TCPA by initiating telephone calls to Plaintiff's residential telephone line and Plaintiff's private cellular telephone.

88.    Firstsource, Collectcorp, Plaza, FRS, and Phillips willfully and knowingly violated Plaintiff's right of privacy and demonstrated willful and knowing non-compliance to the regulations prescribed in the Telephone Consumer Protection Act (TCPA) by doing the following:

a.    Defendants telephoned Plaintiff more than one time within a 12-month period in violation of 47 U.S.C. § 227(c).

b.    Defendants used an automatic telephone dialing system to call Plaintiff's private cellular number which is assigned to a cellular telephone service without the prior express consent of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

c.    Defendants initiated telephone calls to Plaintiff's private cellular number which is assigned to a cellular telephone service using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

d.    Defendants used an automatic telephone dialing system to call Plaintiff's residential telephone number without Plaintiff's prior express consent in violation of 47 U.S.C. § 227(b)(1)(B).

e.    Defendants initiated telephone calls to Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

f.    Defendants made or transmitted a telephone solicitation to both the Plaintiff's residential and private cellular telephones in violation of 47 U.S.C. § 227(c)(1)(F).

89.    An unintentional call by the Defendants carries a damage amount of $500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B). An intentional call carries a damage amount of $1,500 per violation per 47 U.S.C. § 227(b)(3)(C).

90.    Defendants made intentional calls to Plaintiff's private cellular telephone number, without Plaintiff's permission. Defendants have willfully and knowingly committed the following violations of 47 U.S.C. § 227(b)(1)(A)(iii) and Plaintiff is

COMPLAINT          Page 19 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-21

entitled to damages of $1500 per violation pursuant to 47 U.S.C. § 227(b)(3)(C):

    a.   Firstsource committed no less than 3 separate violations.

    b.   Collectcorp committed no less than 11 separate violations.

    c.   Plaza committed no less than 9 separate violations.

    d.   FRS committed no less than 4 separate violations.

    e.   Phillips committed no less than 1 separate violation.

    91.   In addition to the above, Plaintiff is also entitled to damages for calls Defendants willfully and knowingly made to Plaintiff's residential telephone line using automated telephone equipment without prior express permission or consent.

    92.   By the Law of Agency, Barclays is responsible and liable for its agents' actions.

    93.   A violation of 47 U.S.C. § 227 is an unfair or deceptive act in trade or commerce for the purpose of applying the Consumer Protection Act, RCW 19.86 and for purposes of a judgment awarded pursuant to an action by a consumer under RCW 19.86.

    94.   Pursuant to RCW 19.86.039, Defendants' repeated pattern of behavior of the use of unfair and deceptive acts and practices has the capacity to injure other persons. Pursuant to RCW 19.86.090 treble damages are authorized for civil action for damages.

    95.   Plaintiff suffered emotional and mental anguish and distress by the repeated, harassing and haranguing telephone calls from one debt collector after another and their refusals to not telephone him when requested. Defendants' willful and unlawful intrusions into Plaintiff's privacy have harmed the Plaintiff resulting in emotional and mental distress, pain, anguish, and suffering, humiliation, loss of livelihood, loss of use of funds, loss of reputation, and expenditures of attorney's fees and costs.

    96.   Plaintiff is entitled to recover for actual monetary loss from such violations pursuant to 47 U.S.C. § 227(b)(3)(B)&(C).

    WHEREFORE, Plaintiff demands judgment from all Defendants severally and individually, for actual damages, plus additional statutory damages, for damages for each such violation pursuant to 47 U.S.C. § 227(b)3 & (c)5, for treble damages, for punitive damages, for attorney's fees and costs, and for such other further and equitable relief as the Court deems just and proper.

COMPLAINT        Page 20 of 22

Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
509-965-4304/509-965-4334 Fax

A-22

## COUNT FOUR
### WILLFUL VIOLATIONS OF RIGHT OF PRIVACY (RCW 9.73.030) AND THE CONSUMER PROTECTION ACT ("CPA") RCW 19.86 *et seq* BY DEFENDANTS FIRSTSOURCE, COLLECTCORP, PLAZA, FRS, PHILLIPS AND BARCLAYS

97.    Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

98.    Defendants, Firstsource, Collectcorp, Plaza, FRS, and Phillips, willfully and knowingly violated Plaintiff's right of privacy in violation of RCW 9.73.030.

99.    Defendants recorded all of their telephone calls to the Plaintiff without first obtaining Plaintiff's consent.

100.    Pursuant to RCW 9.73.030 it is unlawful for any individual or entity to record or divulge private communication transmitted by telephone or other device between two or more individuals between points within or without the State of Washington by any device electronic or otherwise designed to record and/or transmit said communication regardless of how such device is powered or actuated, without first obtaining the consent of all the participants in the communication.

101.    Excluding all of Defendants' recorded telephone calls made to Plaintiff's residential telephone line, and only counting Defendants' calls to Plaintiff's private cellular telephone alone, Defendants recorded the following telephone calls to Plaintiff without first obtaining Plaintiff's consent:  Firstsource recorded at least three (3) separate calls; Collectcorp recorded at least eleven (11) calls; Plaza recorded at least nine (9) calls; FRS recorded at least four (4) calls; and Phillips recorded at least one (1) call. (Plaintiff also has written records when Phillips called his residential telephone two times which were also recorded without Plaintiff's prior consent.)

102.    Defendants injured the Plaintiff in his business and livelihood, his person and his reputation and caused mental pain and suffering on account of Defendants' callous disregard for Plaintiff's right of privacy and their willful and intentional violations.

103.    Plaintiff is entitled to actual damages, including mental pain and suffering endured by him on account of violation of the provisions of this chapter, or liquidated damages computed at the rate of one hundred dollars a day for each day of violation up to one thousand dollars, and a reasonable attorney's fee and other costs of litigation

COMPLAINT          Page 21 of 22

A-23

pursuant to RCW 9.73.060.

104.    Barclays is liable and responsible for its agents' violations.

105.    A violation of RCW 9.73.030 is an unfair or deceptive act in trade or commerce for the purpose of applying the Consumer Protection Act, RCW 19.86, and for purposes of a judgment awarded pursuant to an action by a consumer under RCW 19.86.

106.    Pursuant to RCW 19.86.039, Defendants' repeated pattern of behavior of the use of unfair and deceptive acts and practices has the capacity to injure other persons. Pursuant to RCW 19.86.090 treble damages are authorized for civil action for damages.

107.    Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

WHEREFORE, Plaintiff demands judgment from all Defendants severally and individually, for actual, statutory and/or liquidated damages for each such violation, three times the actual damages, attorney's fees and costs, together with interest thereon at the highest legal rate, and for such other further and equitable relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 9, 2011    By:    _____
                                Carl H. Plumb
                                4902 Richey Rd.
                                Yakima, WA 98908
                                509-965-4304/509-965-4334 Fax

COMPLAINT    Page 22 of 22    Carl H. Plumb
                                4902 Richey Rd.
                                Yakima, WA 98908
                                509-965-4304/509-965-4334 Fax

A-24



A-25