Jeffrey I. Hasson
Attorney at Law
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@dhlaw.biz
Washington State Bar No. 23741
Attorney for FirstSource Advantage, LLC

Honorable Lonny R. Suko

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| CARL H. PLUMB,<br><br>Plaintiffs,<br><br>vs.<br><br>BARCLAYS BANK DELAWARE, et al,<br><br>Defendants. | Case No.: 2:11-CV-03090-LRS<br><br>DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS |
|---|---|

Federal jurisdiction is allegedly based upon liability under the Fair Debt Collection Practices Act, 15 USC § 1692 et seq. (FDCPA) and the Fair Credit Reporting Act, 15 USC § 1681 et seq. (FCRA). The State Claims are pendant on Federal Jurisdiction.

DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS --Page 1
Case No.: 2:11-CV-03090-LRS
m:\6590\0005\p-motion to dismiss.doc

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

## Introduction

A claim for violation of the FDCPA must be commenced within one year from the date on which the violation occurs. 15 USC § 1692k (d).

The action was commenced more than one year after the violation occurred. As a result, it is untimely, and there is no federal jurisdiction.

Plaintiff's claim under the Fair Credit Reporting Act, 15 USC § 1681 et seq. (FCRA) fails to state a claim for relief because it fails to allege that FirstSource reported the matter to any credit reporting agency.

Plaintiff's claim under the Telephone Consumer Protection Act, 47 USC § 227 et seq. (TCPA) fails for lack of subject matter jurisdiction.

Plaintiff's claim under the Washington Consumer Protection Act, RCW 19.86 et seq. (WCPA) fails because it fails to state a claim for relief because it fails to allege recoverable damages under the WCPA, and there is not subject matter jurisdiction in Federal Court without a Federal Claim against FirstSource.

Plaintiff's claim under the Right of Privacy Act, RCW 9.73.030 (Privacy Act) fails because it fails to state a claim for relief, and there is not subject matter jurisdiction in Federal Court without a Federal Claim against FirstSource.

As a result, plaintiff's complaint against FirstSource must be dismissed.

## Background

An unfiled State Court complaint was delivered to FirstSource on August

DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS --Page 2
Case No.: 2:11-CV-03090-LRS
m:\6590\0005\p-motion to dismiss.doc

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

11, 2011 by Certified Mail on FirstSource's Washington registered agent.

On August 17, 2011, FirstSource demanded in writing to Plaintiff that the Complaint be filed in State Superior Court. The Complaint was not filed by Plaintiff. As a result, the delivery to FirstSource, even if it was served, was void.[1]

On September 8, 2011, Collectcorp Corporation and Phillips & Cohen Associates, Ltd. removed the same Superior Court complaint to Federal Court.

On September 19, 2011, FirstSource waived service [ECF No. 16].

As a result, this action was commenced against FirstSource no earlier than the date of removal (September 8, 2011) for statute of limitations purposes.

**Pleaded Facts against FirstSource**

The only allegation in the complaint of any action by defendant FirstSource were as follows:

1. FirstSource sent a letter dated February 3, 2010, and received by Plaintiff on February 8, 2010, attempting to collect a debt for Barclays. [ECF No. 1-1, p. 5, ¶ 16].

2. Plaintiff disputed in writing to FirstSource by letter dated February 21, 2010, and received by FirstSource February 25, 2010. [ECF No. 1-1, p. 6, ¶ 17].

---

[1] Washington Superior Court CR 3.

DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS --Page 3
Case No.: 2:11-CV-03090-LRS
m:\6590\0005\p-motion to dismiss.doc

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

3. Plaintiff wrote FirstSource in a letter dated March 27, 2010, and received by FirstSource March 30, 2010. [ECF No. 1-1, p. 6, ¶ 18].

4. Plaintiff wrote FirstSource in a letter dated April 3, 2010, and received by FirstSource April 6, 2010. [ECF No. 1-1, p. 6, ¶ 19].

5. FirstSource called Plaintiff's private cell phone on April 30, 2010, May 5, 2010 and May 11, 2010. [ECF No. 1-1, p. 10, ¶ 52a].

6. FirstSource transferred the account to Collectorp. [ECF No. 1-1, p. 6, ¶ 20]. This transfer was prior to June 2, 2010. [ECF No. 1-1, p. 6, ¶ 21].

**Legal Standard**

A motion to dismiss for failure to state a claim pursuant to *FRCP 12(b)(6)* tests the legal sufficiency of the claims in the Plaintiff's Complaint. The review is limited to the Complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 737 (9th Cir.1987).

"To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868, 874 (2009).

DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS --Page 4
Case No.: 2:11-CV-03090-LRS
m:\6590\0005\p-motion to dismiss.doc

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

A plaintiff's factual allegations must raise a right to relief "above the speculative level." See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion of a legally cognizable right of action").

It is a plaintiff's obligation to provide the "grounds" of his entitlement to relief which requires more than labels and conclusions. *Id*.

A Complaint does not suffice "if it offers naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949, 173 L.Ed.2d at 883-884. "Where a Complaint pleads facts that are 'merely consistent with a defendant's liability', it 'stops short of the line between possibility and plausibility of entitlement to relief.' It demands more than an unadorned, the defendant unlawfully harmed me accusation." *Id*.

**FDCPA Statute of Limitations – Count One**

Actions to enforce liability under the FDCPA must be brought "within one year from the date of which the violation occurs." 15 USC § 1692k(d).

The latest alleged violation by FirstSource of violation of the FDCPA was May 11, 2010. This action was commenced by the removal in September 2011.

As a result, Plaintiff's claims against FirstSource were commenced after the

DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS --Page 5
Case No.: 2:11-CV-03090-LRS
m:\6590\0005\p-motion to dismiss.doc

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

statute of limitations expired, and the FDCPA claim against FirstSource must be dismissed.

**FCRA Failure to State a Claim – Count 2**

There are no allegations of any violation of the FCRA by FirstSource. [ECF No. 1-1, p. 17, ¶ 70-83.

As a result, any claim against FirstSource for violation of the FCRA must be dismissed.

**TCPA Failure to State a Claim and Jurisdiction – Count 3**

State Courts have exclusive jurisdiction over a cause of action under the TCPA. *Murphey v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000).

Since the Federal claims fail, jurisdiction under the TCPA against FirstSource is pendant.

The Court should not accept jurisdiction against FirstSource for the TCPA claim as the claims against the other defendants are not inter-related. Each call by each agency is a separate issue in and of itself.

The Court should not confuse the fact finder with the claims against FirstSource when jurisdiction vests in the State Court on TCPA claims.

The TCPA claim should be dismissed based on the dismissal of the Federal claims.

Further, although there are conclusions in the complaint that the calls to the

DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS --Page 6
Case No.: 2:11-CV-03090-LRS
m:\6590\0005\p-motion to dismiss.doc

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

cell phone were by automatic devices by FirstSource, there is no specific allegation that the calls by FirstSource to the cell phones were done with an automatic device as required to prove a violation of the TCPA.

The TCPA makes it "unlawful for any person … to make any call (***other than a call*** made for emergency purpose or ***made with the prior express consent of the called party***) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a paging service, [or] ***cellular phone service*** …" 47 USC § 227 (b) (1) (A) (iii) (emphasis added0. The House Report on the TCPA emphasized the importance of consent: "[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." H.R. Rep. No. 102-317, at 13. After pssage of the TCPA, the FCC further elaborated on "consent." (The FCC has authority to "prescribe regulations to implement the requirements of this subsection." 47 USC § 227 (b) (2).) The FCC declared that the TCPA's exception for calls made with the "prior express consent" of the called party encompasses "autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt." FCC Declaratory Ruling, FCC 07-232, 564 (Dec. 28, 2007). Because the FCC's declaratory ruling is a "final order" for purposes of the Hobbs Act, 28 USC § 2342, it is not subject to district court review and is binding here.



Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

*See Leckler v. Cashcall, inc.*, 2008 US Dist. LEXIS 97439, at *7 (N.D.Cal. 2008) ( deferring to FCC declaratory ruling) (citing *US West Commc'ns, Inc. v. Hamilton*, 224 F.3d 1049, 1054 (9th Cir. 2000)).

Thus, under the TCPA, if the FirstSource debtor provides a cell phone number to FirstSource as a contact number, FirstSource may use an autodialer to call that number regarding a past due account without violating the TCPA.

Plaintiff does not plead facts that would create a violation of the TCPA by calling a cell phone by a debt collector.

Plaintiff pleads calls to Plaintiff's cell phone by FirstSource. [ECF No. 1-1, p. 10, ¶ 52a]. However, this alone does not create liability.

As a result, the claims under the TCPA fail to state a claim for relief.

**Privacy Act – Count 4**

Since the Federal claims fail, jurisdiction under the Privacy Act against FirstSource is pendant.

The Court should not accept jurisdiction against FirstSource for the Privacy Act claim as the claims against the other defendants are not inter-related. Each call by each agency is a separate issue in and of itself.

The Court should not confuse the fact finder with the claims against FirstSource when jurisdiction vests in the State Court on Privacy Act claims.

The Privacy Act claim should be dismissed based on the dismissal of the

DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS --Page 8
Case No.: 2:11-CV-03090-LRS
m:\6590\0005\p-motion to dismiss.doc

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Federal claims.

**WASHINGTON COLLECTION AGENCY ACT AND WASHINGTON CONSUMPER PROTECTION ACT CLAIMS**

Plaintiff has failed to state a claim under the Washington Collection Agency Act (WCAA), or the Washington Consumer Protection Act (WCPA) because Plaintiff has failed to plead actual damages.

To establish a claim under the WCPA, plaintiffs must prove five elements:

(1) An unfair or deceptive act or practice;

(2) Occurring in trade or commerce;

(3) Public Interest Impact;

(4) Injury to Plaintiffs' business or property; and

(5) Causation. *First State Insurance Company v. Kemper National Insurance Company*, 94 Wash.App. 602, 608-9, 971 P.2d 953 (1999).

Whether a particular action gives rise to a WCPA violation is a question of law. *First State Insurance Company v. Kemper National Insurance Company*, 94 Wash.App. at 609.

WCPA does not authorize relief if a plaintiff cannot prove damages. *Roger E. Girard et al v. Michael H. Myers et al*, 39 Wash.App. 577, 694 P.2d 678 (1985).

Damages for emotional distress are not recoverable for a violation of the WCPA. The plaintiff who is successful on a WCPA claim is entitled to actual

DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS --Page 9
Case No.: 2:11-CV-03090-LRS
m:\6590\0005\p-motion to dismiss.doc

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

damages and to the attorney fees and costs related to the WCPA claim. Damages for emotional distress are generally limited to claims for intentional torts. *Johnson v. Cash Store*, 116 Wash.App. 833, 68 P.3d 1099 (2003).

Even if FirstSource committed an unfair or deceptive practice as to Plaintiff, Plaintiff is required to plead and prove actual damages caused by FirstSource to sustain a claim under either of those statutes.

Plaintiff pleads no actual damages incurred by Plaintiff as to FirstSource's alleged conduct. As a result, Plaintiff does not state a claim for relief.

**Conclusion**

Plaintiff's complaint must be dismissed because it was commenced outside of the statute of limitations, and because it is impermissible claim-splitting.

Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

As a result, defendant FirstSource's motion to dismiss should be allowed.

Dated: November 7, 2011.

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Phone: (503) 255-5352
Attorney for FirstSource

DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS --Page 10
Case No.: 2:11-CV-03090-LRS
m:\6590\0005\p-motion to dismiss.doc

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Certificate of Service

I hereby certify that on November 7, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Pamela M. Andrews, Stephen A. Bernheim, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Carl H. Plumb, 4902 Richey Rd., Yakima, WA 98908.

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA No. 23741
Attorney for Firstsource
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@dhlaw.biz

CERTIFICATE OF SERVICE -- Page 1
Case No.: 2:11-CV-03090-LRS

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124