Carl H. Plumb
4902 Richey Rd.
Yakima, Washington [98908]
Telephone: (509) 965-4304

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 13 2011

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| Carl H. Plumb, pro se<br><br>         Plaintiff,<br><br>vs.<br><br>BARCLAYS BANK DELAWARE, ET AL.<br>         Defendants. | NO. CV-11-3090-RMP<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT BARCLAYS BANK DELAWARE'S MOTION TO DISMISS |
|---|---|

### PLAINTIFF'S OPPOSITION TO DEFENDANT BARCLAYS BANK DELAWARE'S MOTION TO DISMISS AND MEMORANDUM OF LAW

Plaintiff, Carl H. Plumb, hereby submits this opposition to Defendant Barclay Bank Delaware's (Barclays) Motion to Dismiss Plaintiff's Complaint and Memorandum of Law, and states:

When considering a 12(b)(6) motion to dismiss, the court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)*. Although the complaint must contain factual allegation that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id. at 556*, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556)*.

All the allegations of the complaint are to considered true and considered in a light most favorable to the plaintiff and all doubts or inferences are to resolved in the plaintiff's favor.

Under Federal Rule 12(b)(6), the Court must deny the Defendant's motion to dismiss unless the Defendant demonstrates "beyond doubt that the Plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief." *Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir.1997)*. In making this determination, the Court must also "accept the factual allegations in the Plaintiff's complaint and must construe those facts in the light most favorable to the Plaintiff." *Id.*

Defendant's allegation that Plaintiff has not alleged a single wrongful act by Barclays is not true, since the Complaint repeatedly alleges that Barclays is liable for the actions of its agents, referring to the Collection Agencies collecting on its behalf. Defendant blindly ignores a number of Barclay's wrongful acts alleged by Plaintiff. Comp. ¶¶ 24, 28, 55, 59, 83, 92, 104. Defendant even admits in its Memorandum in Support of Motion To Dismiss, that Plaintiff has alleged that Barclays is liable based on, "the law of agency." Memo. ¶ B, p. 5.

Civil Rule 8(a) created the liberal notice pleading standard, that requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is not required to prove his entire case but to provide a short and plain statement that puts the Defendant on notice, which Plaintiff has done. Plaintiff has clearly stated that Barclays is liable under the law of agency.

Defendant's Motion To Dismiss is based almost entirely on the notion that Barclays cannot be held vicariously liable for any conduct of its agents. Barclays implies that Plaintiff has failed to plead facts to support an agency relationship including whether an agent has "actual or apparent authority." Defendant's allegation is false. The Complaint alleges that Barclays' agents (Plaza and FRS in particular) claimed that they were collecting on behalf of Barclays. Comp. ¶¶ 25, 29.

On the other hand, Barclays has failed to allege that its agents had or did not have authority or "actual or apparent authority", nor allege that its agents were acting outside of their authority. Barclays fails to provide facts or to attach proof of its relationship with its agents, which it should be well able to do, which would settle the question of "vicarious liability". Barclays complains of Plaintiff's lack of pleading "facts to support the agency relationship", when the evidence regarding the extent and nature of Barclays' agents' authority is a matter that could only be discovered through the discovery process. Defendant is in possession or control of such evidence or information that would lead to discovery of such evidence. Plaintiff is allowed discovery of any matter relevant to its claims, if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b). Plaintiff has a right to inquire into this and other material issues through discovery, and it is likely that the desired facts will come out in discovery.

Defendant has made this issue the centerpiece of its motion and a material issue that must be settled. Therefore, Defendant must provide facts through discovery establishing the nature of its relationship with its agents. In order for this motion to prevail, Defendant must establish that there is no conceivable set of circumstances that could exist, or be found through discovery, that could make Barclays liable for its agents conduct. Defendant has not proved this. Granting Defendant's motion would be inappropriate and premature, since it would deprive

Plaintiff of its right to discovery, and also because development of facts through discovery would help the court in assessing the propriety of claims in this case.

Plaintiff alleges wrongful acts of Barclays through its agents (as Defendant repeatedly agrees), which brings us to the question concerning Barclays' liability for the conduct of its agents. Barclays seems to imply that it did not have any agency relationship with its agents, but this would be strange indeed, considering that fact that the agents claimed they were collecting an alleged debt on behalf of Barclays. Barclays cannot rely on a baseless denial of vicarious liability without documented evidence establishing the nature of the relationship Barclays has with its agents. At this point Defendant has not provided facts concerning its relationship with its agents.

The law of agency establishes that, (a) person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless: (a) in giving improper or ambiguous orders or failing to make proper regulations; or (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others; (c) in the supervision of the activity; or (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control. *Restatement Of The Law (Second) Agency (1958) Section 213.*

Whether or not Barclays intended the conduct of its agents, it is still liable for its agents conduct. "A master or other principal who unintentionally authorizes conduct of a servant or other agent which constitutes a tort to a third person is subject to liability to such person." *Restatement Of The Law (Second) Agency (1958) Section 215.*

"Whether or not an act is authorized depends upon the interpretation of the manifestation of the principal. The principal may authorize an act not intending and not adverting to such act, and having no reason to believe that the act will be done. If the agent reasonably misunderstands the principal's meaning which is ambiguous in light of the circumstances, and acts believing that he is carrying out the principal's instructions, the act is authorized. . . . If the act is authorized, the master or other principal is subject to liability...". *See id.*

A master or other principal may be liable to another whose interests have been invaded by the tortious conduct of a servant or other agent, although the principal does not personally violate a duty to such other or authorize the conduct of the agent causing the invasion. *Restatement Of The Law (Second) Agency (1958) Section 216.*

Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se*

1  status, the Court must hold to a less stringent standard than formal pleadings

2  drafted by an attorney and construe liberally. *See Haines v. Kerner, 404 U.S. 519,*

3  *520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).*

4      WHEREFORE, Plaintiff requests that the Court deny Barclays' Motion to

5  Dismiss.

Dated: December 12, 2011

Respectfully submitted,

*/s/ Carl H. Plumb*

Carl H. Plumb
4902 Richey Rd.
Yakima Washington 98908
509-965-4304

1  Carl H. Plumb
   4902 Richey Rd.
2  Yakima, Washington [98908]
   Telephone: (509) 965-4304
3

4

5             U.S. DISTRICT COURT
         EASTERN DISTRICT OF WASHINGTON
6

| 7 | Carl H. Plumb, pro se | |
|---|---|---|
|   | Plaintiff, | |
| 8 | vs. | NO.  CV-11-3090-RMP |
|   | BARCLAYS BANK DELAWARE, ET AL. | DECLARATION OF |
| 9 | Defendants. | MAILING |

10                    **Declaration of Mailing**

11      I, Carl Plumb, the undersigned do certify the following under penalty of
    perjury under the laws of the State of Washington:  I am a citizen of the United
12  States of America, and of the State of Washington, over the age of 21 years, a party
    to the above entitled proceeding and competent to be a witness therein.  I certify
13  that on December 12, 2011 I deposited into the U.S. Mail postage prepaid, a true
    copy of the Plaintiff's Opposition to Defendant's Motion To Dismiss and a copy of
14  this Declaration of Mailing addressed to the following:

15  Clerk of the Court
    United States District Court
16  Eastern District of Washington
    P.O. Box 2706
17  Yakima, WA  98907

18  Lane Powell PC
    1420 Fifth Avenue, Suite 4100
19  Seattle, WA 98101-2338

20
    Declaration of Mailing           PAGE 1 OF 2              Carl H. Plumb
                                                              4902 Richey Rd.
                                                              Yakima, WA 98908
                                                              (509) 965-4304

1  Stephen A. Bernheim, Attorney at Law
   512 Bell Street
2  Edmonds, WA 98020

3  Dated:  December 12, 2011 at Yakima, Washington.  By _____
                                                        Carl H. Plumb

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Declaration of Mailing          PAGE 2 OF 2            Carl H. Plumb
                                                       4902 Richey Rd.
                                                       Yakima, WA 98908
                                                       (509) 965-4304