The Honorable Rosanna Malouf Peterson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARL H. PLUMB,<br><br>    Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE; FIRSTSOURCE ADVANTAGE, LLC; COLLECTCORP CORPORATION; PLAZA ASSOCIATES aka AID ASSOCIATES, INC.; FINANCIAL RECOVERY SERVICES, INC. PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>    Defendants, | NO. 2:11-CV-03090-RMP<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY FOR JUDGMENT ON THE PLEADINGS OF FINANCIAL RECOVERY SERVICES, INC. |

**INTRODUCTION**

Defendant Financial Recovery Services, Inc. ("FRS") submits this memorandum of law in support of its motion for summary judgment, or alternatively for judgment on the pleadings.

MEMORANDUM OF POINTS
AND AUTHORITIES     -1-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318  Fax (425) 712-8418
e-mail:steve@stevebernheim.com

# LEGAL ARGUMENT

I. **LEGAL STANDARD.**

    A. **Fed. R. Civ. P. 12(c) Standard**

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1990). The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion for failure to state a claim: "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.*

    B. **Fed. R. Civ. P. 56 Standard**

Summary judgment is proper where the pleadings and materials demonstrate "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears "the initial responsibility of informing the district court of the basis for its motion."

MEMORANDUM OF POINTS AND AUTHORITIES -2-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318  Fax (425) 712-8418
e-mail:steve@stevebernheim.com

*Celotex*, 477 U.S. at 323. However, the moving party is not required to negate those portions of the non-moving party's claim on which the non-moving party bears the burden of proof. *Id.* at 323. To withstand a motion for summary judgment, the non-movant must then show that there are genuine factual issues which can only be resolved by the trier of fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000) (citing Fed.R.Civ.P. 56; Celotex, 477 U.S. at 323).

## II. LEGAL ANALYSIS

Plaintiff has alleged that FRS has violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and RCW 9.73.030.[1] However, each and every claim against FRS fails, as will be established below.

### A. FRS Did Not Violate The FDCPA.

Plaintiff's claims against FRS fail in their entirety because (1) Plaintiff has failed to adequately plead any violations by FRS, (2) FRS was not required

---

[1] Notably, Plaintiff also alleges violations of RCW 19.86 *et seq.* and 19.16 *et seq.* However, as these claims are all predicated on the alleged violations of the FDCPA, TCPA, and RCW 9.73.030, these claims also fail. Also, Count II of Plaintiff's Complaint claims violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, but that claim is not directed at FRS.

MEMORANDUM OF POINTS
AND AUTHORITIES     -3-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

to validate Plaintiff's debt upon his dispute, (3) FRS was entitled to rely upon the debt information provided to it, (4) FRS does not credit report, (5) FRS' messages conveyed that it was a debt collector and properly identified itself, and (6) FRS' phone calls to Plaintiff do not amount to harassment.

**1.   Plaintiff has failed to allege any activity by FRS that would support most of his claims.**

In Plaintiff's Complaint, the factual allegations directed solely to FRS provide that: (1) FRS sent a letter to Plaintiff, (2) Plaintiff sent FRS a letter disputing the debt, (3) FRS did not respond to Plaintiff, and (4) FRS made at least four phone calls to Plaintiff.  Pl. Compl. ¶¶ 29, 30, and 52(d).

**2.   FRS was not required to validate Plaintiff's debt upon receipt of his dispute.**

Plaintiff asserts that FRS violated §§ 1692e, 1692g, and 1692d because it failed to provide him with validation of the debt upon his dispute.  However, Courts, including the Ninth Circuit, have unanimously confirmed that a debt collector can either cease collection efforts or provide verification upon receipt of a valid dispute.  Thus, contrary to Plaintiff's claim, a debt collector is not required to verify the debt, but instead may cease all collection activity on the debt.  *See Guerrero v. RJM Acquisitions, LLC*, 499 F. 3d 926, 2007 U.S. App.

MEMORANDUM OF POINTS
AND AUTHORITIES         -4-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

LEXIS 20072, at *35-36 (9th Cir. Aug. 23, 2007); *Sambor v. Omnia Credit Servs., Inc.*, 183 F.Supp.2d 1234, 1243 (D. Haw. 2002).[2]

In addition, in *Donahue v. Nielson*, the Washington Court of Appeals held that a debtor was entitled to only one validation notice. 161 Wash. App. 606, 613, 255 P.3d 760, *rev. denied,* 172 Wn.2d 1012 (2011); *see also See Ditty v. CheckRite, Inc.,* 973 F. Supp. 1320, 1329 (D. Utah 1997) ("Section 1692g does not require another debt collector, undertaking collection efforts after a validation notice has been timely sent, to provide additional notice and another thirty-day validation period."). Accordingly, as Plaintiff concedes that he received validation notices from other entities (*see* Pl. Compl. generally),

---

[2] The FTC has confirmed that a debt collector may cease collection activity without providing verification. A 1997 FTC Informal Staff Opinion Letter agreed that it is permissible under the FDCPA to cease collection of a debt rather than respond to a written dispute from a consumer received during the 30-day validation period. *Cass*, FTC Informal Staff Letter (Dec. 23, 1997). Specifically, the FTC stated that "[t]here is nothing in the FDCPA that requires a response to a written dispute if the debt collector chooses to abandon its collection effort with respect to the debt at issue. *Id*. (*citing Smith*, 953 F.2d at 1032). Similarly, another FTC informal opinion letter states that when a debt collector receives a request for verification and decides not to pursue further collection efforts, "there is no requirement to furnish the documentation of the indebtedness to the consumer." *Krison*, FTC Informal Staff Letter (Mar. 3, 1992).

Although the opinions of the FTC are not binding on the Court, the FTC is the administrative body charged with enforcement of the FDCPA (pursuant to 15 U.S.C. § 1692l) and courts have found FTC opinions to be helpful and persuasive. *See, e.g., Romine v. Diversified Collection Serves., Inc*., 155 F.3d 1142, 1147 & nn.3, 5 (9th Cir. 1998) (finding an informal FTC staff letter interpreting the FDCPA to be persuasive); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1327 n.8 (7th Cir. 1997) (giving due weight to an FTC opinion interpreting the FDCPA).

MEMORANDUM OF POINTS
AND AUTHORITIES       -5-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318  Fax (425) 712-8418
e-mail:steve@stevebernheim.com

Plaintiff was not entitled to request and obtain validation from subsequent collectors, including FRS.

Moreover, FRS took no further action to collect on the debt after receipt of Plaintiff's dispute, opting instead to close its file.  As this is permissible, FRS cannot be found to have violated any provision of the FDCPA on these grounds and FRS is entitled to judgment in its favor, regarding Plaintiff's claims that FRS failed to validate the debt.

**3.      FRS was entitled to rely upon the debt information provided to it.**

Plaintiff further alleges that FRS violated §§ 1692e(2)(A) and 1692f(1) because FRS allegedly sought to collect an amount not authorized.  However, an abundance of case law sets forth that the amount a debt collector may seek to collect is the amount that the creditor represents as being "authorized" (i.e., the creditor's interpretation of the agreement giving rise to the debt which establishes the debt and the amount owed).  *See e.g., Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002); *Axtell v. Collections USA, Inc.*, No. CV-02-536-PHX-DKD, 2002 WL 32595276 (D. Ariz. Oct. 22, 2002).  Within reasonable limits, a debt collector is

MEMORANDUM OF POINTS
AND AUTHORITIES         -6-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

entitled to rely on its client's statements concerning the balance of a debt. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162,1174 (9th Cir. 2006) (*citing Bleich v. Revenue Maximization Group, Inc.,* 233 F. Supp. 2d 496, 500-01 (E.D.N.Y. 2002)), *Beattie v. D.M. Collections, Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991). The FDCPA does not impose upon a debt collector any duty to independently investigate the claims presented by its clients. *Id.*

A debt collector should be able to rely on the representation and implied warranty from its client that the amount was due under the lease or the law. The FDCPA does not require an independent investigation of the information provided by clients when a debt collector tries to collect a debt, nor does it require the debt collector to dispute the creditor's construction of a contract. *Axtell v. Collections USA, Inc.*, 2002 WL 32595276, at *8.

"Courts do not impute to debt collectors other information that may be in creditors' files -- for example, that debt has been paid or was bogus to start with." *Randolph v. IMBS, Inc.,* 368 F.3d 726, 729 (7th Cir. 2004). "Verification would be unnecessary if debt collectors were charged with the creditors' knowledge." *Id.* The *Randolph* Court further stated that "[w]e have not found any appellate opinion imputing creditors' knowledge to debt

MEMORANDUM OF POINTS
AND AUTHORITIES                    -7-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

collectors." *Id.*

In this matter, FRS sought to collect the amount claimed by Barclay's and relied upon the same. Bowers Aff. ¶ 6. Thus, FRS did not violate the FDCPA with respect to Plaintiff's claims that FRS sought to collect an authorized amount.

**4.    FRS does not credit report**

Plaintiff further alleges that FRS violated § 1692e(8), which prohibits collectors from

> Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8). FRS does not credit report or otherwise furnish information to any credit reporting agency. Bowers' Aff. ¶ 26. Courts have held that the duty to report that an account is disputed under § 1692e(8) only arises if one elects to report credit information. *See Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir. 2008) (citing to FTC Staff Commentary, 53 Fed.Reg. 50097-02, 50106 (Dec. 13, 1988)); *Black v. Asset Acceptance, LLC,* 2005 U.S. Dist. LEXIS 43264 at * 12-13 (N.D.Ga.2005), and in *Hilburn v. Encore*

MEMORANDUM OF POINTS
AND AUTHORITIES                    -8-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

*Receivable Mgmt., Inc.,* 2007 WL 1200949 at *4 (D.Or.2007). In *Wilhelm*, the Court held that the plaintiff's § 1692e(8) claim failed because the plaintiff failed to produce any evidence that the defendant had reported any information after receipt of a dispute. *Wilhelm*, 519 F.3d at 418.

In this matter, Plaintiff simply cannot produce any evidence illustrating that (1) FRS furnished any information to the credit bureaus that would rebut the evidence submitted via the Affidavit of Brian Bowers, or (2) furnished any information to the credit bureaus after receipt of Plaintiff's dispute. Accordingly, Plaintiff's § 1692e(8) claim fails.

**5. FRS' messages conveyed its name and that it was a debt collector.**

Plaintiff also alleges that FRS violated §§ 1692d(6) and 1692e(11) by failing to identify itself in calls to Plaintiff and by failing to advise that it was a debt collector. However, as indicated in the facts above, FRS' messages to Plaintiff provided its name, "Financial Recovery Services, Incorporated", the name of the debt collector who placed the call, and stated that FRS was a debt collection company, that the call was an attempt to collect a debt, and that any information obtained would be used for that purpose. Given FRS' evidence,

MEMORANDUM OF POINTS
AND AUTHORITIES      -9-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

Plaintiff cannot now simply rely upon his conclusory allegations. Rather, Plaintiff must now come forward with evidence that actually rebuts the evidence submitted by FRS. As no such evidence exists, Plaintiff's claims that FRS failed to identify itself and provide the required notice fails.

**6.     FRS did not harass Plaintiff**

Plaintiff asserts that FRS harassed him, therefore violating §§1692d and § 1692d(5) by continuing attempts to collect Plaintiff's debt via referral of the matter to other agencies and by making numerous calls to Plaintiff with the intent to harass. As will be discussed below, both claims fail.

   **i.     FRS' actions were not generally harassing**

In finding that a claim of harassment failed under § 1692d, the Ninth Circuit has stated that:

> 15 U.S.C. § 1692d sets out six examples of conduct that violates the section:
>
>   (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>   (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>   (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency

MEMORANDUM OF POINTS
AND AUTHORITIES                -10-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

> or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
> (4) The advertisement for sale of any debt to coerce payment of the debt.
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

> The statute does not limit its general application to these examples. However, normal rules of statutory construction require that the harassment or abuse condemned be of the same nature as the examples the statute supplies. The Foxes provided no testimony showing that the defendants' conduct was of this quality. At most, Toni Fox could recall a telephone call from a Citicorp agent whose voice she described as "intimidating," "aggressive," "threatening" or "not nice." At the point she received this call the Foxes had failed for over three years to pay the debts due on their Citibank credit cards. Several months before the telephone call the Foxes had agreed to a stipulated judgment requiring them to pay the full unpaid balance of $2,300.31 in monthly installments of $100 apiece, with the additional stipulation that if the payments were not timely made the entire judgment, plus interest, court costs, and attorneys' fees would be due. Months went by without the Foxes paying a penny. Under these circumstances a telephone call from a representative of Citibank would have been very intimidating, and her voice would have sounded "not nice." It might even have been considered "aggressive." There is nothing in the statute that restrains a creditor from attempting to collect from a delinquent debtor or makes a reminder to the debtor an act of harassment.

*Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1518 (9th Cir. 1994).
MEMORANDUM OF POINTS AND AUTHORITIES    -11-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

1108-33 ss

Indeed, other courts have found that generally rude behavior is not a violation of § 1692d.  *See e.g.*, *Unterreiner v. Stoneleigh Recovery Assoc., LLC*, 2010 WL 252357, *2 (N.D. Ill., June 17, 2010) (dismissing § 1692d claim where the allegations were that defendant screamed at plaintiff, told her that she "owed all kinds of money" and asked "how could you go out and max out a card like that?"); *Bassett v. I.C. System, Inc.*, 2010 WL 2179175, *3 (N.D. Ill.) (awarding defendant summary judgment where the evidence showed that "on one occasion during a telephone call, a debt collector called him a liar, laughed at him, and accused him of trying to make excuses to get out of paying his debt."); *Guarjardo v. GC Services, LP*, 2009 WL 3715603, *1 (S.D. Tex) (granting  defendant summary judgment where defendant's employee called plaintiff a "liar" and stated, "I can tell the kind of life you live by the fact that you don't pay your bills on time."); *Thomas v. LDG Fin. Servs., LLC*, 463 F.Supp.2d 1370, 1372 (N.D.Ga. 2006) (dismissing § 1692d claim where debt collector stated "they were going to get their money one way or the other" and plaintiff alleged that the debt collector "yelled" and "screamed" at her.); *Majeski v. I.C. System, Inc.*, 2010 WL 145861, *4 (N.D. Ill.) ("Yelling and rude language, while disrespectful, does not by itself violate § 1692d.").

MEMORANDUM OF POINTS
AND AUTHORITIES                -12-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

Accordingly, FRS' attempts to collect a debt from Plaintiff, absent some showing of behavior that is similar to the examples set forth in § 1692d, was not harassing and Plaintiff's claim to the contrary fails.

### ii. FRS calls to Plaintiff were not harassing.

Plaintiff asserts that FRS called him at least four times. By its own records, FRS concedes that it called Plaintiff on ten occasions upon the placement of the Account with its office. Bowers' Aff. ¶ 10-15, Ex. B. Whether there is actionable harassment or annoyance under Section 1692d(5) turns not only on the volume of calls made, but also the frequency and persistence of calls. *See Martin*, 2008 WL 618788 at *6; *Lovelace v. Stephens & Michaels, Assocs., Inc.*, 2007 WL 3333019 at *7 (E.D. Mich. Nov. 9, 2001); *Sanchez v. Client Servs., Inc.*, 520 F.Supp.2d 1149, 1161 (N.D. Cal. 2007); *Joseph v. J.J. MacIntyre Cos., LLC*, 238 F.Supp.2d 1158, 1168 (N.D. Cal. 2002). "Although a court may consider the 'frequency, persistence, and volume of the telephone calls' to determine intent, the mere fact that a call is unwelcome is 'insufficient to constitute a violation of the FDCPA." *Hicks v. America's Recovery Solutions, LLC*, --- F. Supp. ---, 2011 WL 4540755 at *6 (N.D. Ohio Sept. 29, 2011) (*citing Martin*, 2008 WL 618788 at *6). "Further, a

MEMORANDUM OF POINTS
AND AUTHORITIES                -13-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

significant disparity between the number of telephone calls placed by the defendant and answered by the plaintiff may suggest difficulty in reaching the plaintiff rather than intent." *Id.* (*citing Saltzman v. I.C. Systems, Inc.*, 2009 WL 3190359 at *7 (E.D. Mich. Sept. 30, 2009).

While there is no bright-line rule, several recent cases provide guidance as to what frequency, volume and pattern of calls constitutes harassment under Sections 1692d and 1692d(5) and have held that significantly more telephone calls than those allegedly made by CPC to Plaintiff failed to establish a claim for a violation of Section 1692d(5).  *See Tucker v. The CBE Group, Inc.,* 2010 WL 1849034 (M.D. Fla.) (57 calls to non-debtor, including 7 on one day, only 6 messages left in total was not a violation); *Arteaga v. Asset Acceptance, LLC,* 2010 WL 3310259 (E.D. Cal.) (allegations of "daily" or "nearly daily" phone calls alone do not raise an issue of fact as to these claims); *Saltzman v. I.C. Systems, Inc.,* 2009 WL 3190359 at *6-7 (E.D. Mich.) (20-50 unsuccessful calls, 2-10 successful calls in one month not a violation); *Jiminez v. Accounts Receivable Mgmt., Inc.*, 2010 WL 5829206 (C.D. Cal.) (69 calls over 115 days, no live contact, one voice mail left, no more than 2 calls/day, except for a single day in which there were 3 calls is not a violation); *Waite v. Financial Recovery*

MEMORANDUM OF POINTS
AND AUTHORITIES                    -14-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

*Services, Inc.*, 2010 WL 5209350 (M.D. Fla.) (holding that 132 calls over 7 months was not a violation of the FDCPA); *Jones v. Rash Curtis & Associates*, 2011 WL 2050195 (N.D. Cal.) (holding that 200 calls over a year is not a violation); *Carmen v. The CBE Group, Inc.*, 2:09-cv-02538, Doc. No. 57, J. Robinson (D. Kan, Mar 23, 2011) (holding that 149 calls over a two month period is not a violation); *Katz v. Capital One,* 2010 WL 1039850 (E.D. Va.) (15-17 calls after creditor notified of attorney representation, not more than 2 calls/day, no inconvenient times, no requests to stop, no calls after consumer hangs up held not a violation).

In this instance, FRS' ten calls to Plaintiff were not harassing. FRS never spoke with Plaintiff and Plaintiff never advised FRS that its calls were bothering him. Accordingly, Plaintiff's claim under § 1692d(5) fails.

### B. FRS Did Not Violate The TCPA.

Plaintiff also asserts that FRS violated the TCPA by calling him at both his home residential number and on his personal cell phone, without permission to do so. Moreover, Plaintiff asserts that because his numbers were registered with the "National Do Not Call Registry", all calls to him were impermissible.

The TCPA provides that:

MEMORANDUM OF POINTS
AND AUTHORITIES -15-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice       *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications Commission, "FCC"] under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(A)-(B).

For starters, FRS did not use an automated dialing system to call Plaintiff's 0834 number, which it believes is Plaintiff's cell phone number. As indicated in its notes, calls to Plaintiff's 0834 number were made by collectors with initial of CAA, BAA, and BHJ. Bowers' Aff. ¶ 17. Ex. B. None of the calls to the 0834 number were made using an autodialer. As such, FRS could not have violated the TCPA with regard to calls to Plaintiff's cell phone.

MEMORANDUM OF POINTS AND AUTHORITIES
1108-33 ss
-16-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington 98020
(425) 712-8318  Fax (425) 712-8418
e-mail:steve@stevebernheim.com

Second, as to Plaintiff's claim that FRS impermissibly called him on his home phone without express consent, FRS refers to Plaintiff's credit application, which plainly sets forth Plaintiff's home number.  By having provided consent to the creditor, Plaintiff is deemed to have consented to calls from FRS.  More importantly, debt collection calls to a home number are exempt from the TCPA and a growing number of courts have confirmed the same.  In one such case, the court stated that:

> On the other hand, in 1992 the FCC stated, without qualification, that "all debt collection circumstances involve a prior or existing business relationship," 7 FCC Rcd. at 8771 (emphasis added), and it has not chosen in the succeeding years to modify this categorical pronouncement.  Thus, other courts have accepted that this statement applies even to calls to non-debtors. *See, e.g., Meadows v. Franklin Collection Serv., Inc.*, 2010 WL 2605048, at *6 (N.D. Ala. 2010) ("***[T]he FCC has determined that all debt collection circumstances are excluded from the TCPA's coverage***. This finding is broad enough to cover a debt collection activity that contacts a non-debtor."); *Meadows v. Franklin Collection Serv., Inc.*, 2011 WL 479997, at *4 (11th Cir. 2011) ("***[T]he FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage, and thus the exemptions apply when a debt collector contacts a non-debtor in an effort to collect a debt***.").
>
> We need not decide today whether the exemption under 47 C.F.R. § 64.1200(a)(2)(iv) respecting established business relationships applies to debt collection calls to non-debtors, however, because there is no controversy as to the applicability of §

MEMORANDUM OF POINTS
AND AUTHORITIES                    -17-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

> 64.1200(a)(2)(iii) to such calls. ***Calls made purely for the purpose of collecting a debt clearly constitute calls "made for a commercial purpose" that "do[] not include or introduce an unsolicited advertisement or constitute a telephone solicitation,"***[5] § 64.1200(a)(2)(iii), whether they are made to a debtor or non-debtor. Thus, we are aware of no court that has concluded that § 64.1200(a)(2)(iii) does not apply to debt collection calls to non-debtors. *See, e.g., McBride v. Affiliated Credit Servs., Inc.*, 2011 WL 841176, at *3 (D. Or. 2011) ("While I certainly agree that non-debtors lack a prior business relationship with a debt collector, according to the Commission debt collection calls are not solicitations or advertisements and thus fall within a recognized exemption."); *Santino v. NCO Fin. Sys.*, 2011 WL 754874, at *6 (W.D.N.Y. 2011) ("[T]he court concludes that the conduct on the part of defendant complained of in this case fits squarely within the exemption provided in 47 C.F.R. § 64.1200(a)(2)(iii)).").

*Anderson v AFNI, Inc.* 2011 WL 1808779 (E.D. Pa.) (emphasis added).

Accordingly, as FRS' calls to Plaintiff were not solicitations, but made in attempts to collect a debt, they are exempt from TCPA coverage.

Still further, Plaintiff seemingly asserts that because his numbers had been listed with the National Do Not Call Registry (Pl. Compl. ¶ 85), they were entitled to additional protection. However, as per the National Do Not Call Registry's website, https://complaints.donotcall.gov/complaint/complaintcheck.aspx, debt collectors are not prohibited from calling numbers on the Registry ("Debt

MEMORANDUM OF POINTS
AND AUTHORITIES                    -18-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

collectors may also continue to call you whether your number is on the Registry or not.").

### C. FRS Did Not Violate RCW 9.73.030

Plaintiff next asserts that FRS violated RCW 9.73.030, by recording four phone calls. Pl. Compl. ¶ 101. Section 9.73.030 provides that:

> (1) Except as otherwise provided in this chapter, it shall be unlawful … to intercept, or record any:
>
>   (a) Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals … without first obtaining the consent of all the participants in the communication;
>
>   (b) Private conversation, … without first obtaining the consent of all the persons engaged in the conversation.

(citation omitted). However, as set forth above, FRS never spoke with Plaintiff and Plaintiff has no evidence to the contrary. Accordingly, Plaintiff's claim under RCW 9.73.030 fails.

MEMORANDUM OF POINTS
AND AUTHORITIES                     -19-
1108-33 ss

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com

## **CONCLUSION**

In light of the foregoing, FRS respectfully requests that the Court enter judgment in its favor and dismiss Plaintiff's claims against it in their entirety.

DATED this 14th day of December, 2011.

/s/  Stephen A Bernheim_____
Stephen A. Bernheim, WSBA #15225
Attorney for Financial Recovery
Services, Inc.

MEMORANDUM OF POINTS
AND AUTHORITIES
1108-33 ss

-20-

STEPHEN A. BERNHEIM
ATTORNEY AT LAW
512 Bell Street
Edmonds, Washington  98020
(425) 712-8318   Fax (425) 712-8418
e-mail:steve@stevebernheim.com