Carl H. Plumb
4902 Richey Rd.
Yakima, Washington [98908]
Telephone: (509) 965-4304

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 01 2012

JAMES R LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Carl H. Plumb, pro se<br>           Plaintiff,<br>vs.<br>BARCLAYS BANK DELAWARE, et al,<br>           Defendants. | NO.  CV-11-3090-RMP<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL, OR ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS |

## I. INTRODUCTION

1.1 Plaintiff requests leave of the court to file this opposition to Defendant Financial Recovery Services, Inc.'s (FRS's) Motion For Summary Judgment Of Dismissal, Or Alternatively, Motion For Judgment On The Pleadings. The basis for this request for leave to file this response, is stated herein.

## II. MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL OR ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS

2.1 This court has actual knowledge: a motion for summary judgment is not a substitute for a trial on the merits, not a trial by affidavit, and must be supported by the same quality of evidence which would be admissible at trial.

2.2 Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law, per CR 56(c).

The evidence of the non-moving party will be believed as true, all doubts will be resolved in favor of the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *Hunt v. Cromartie, 526 U.S. 541, 550-55 (1999).*

2.3 FRS filed a MOTION FOR SUMMARY JUDGMENT **OF DISMISSAL** OR ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS on December 27, 2011 ("FRS' Motion"). This new motion adds a motion to dismiss for the first time. FRS failed to file, and deliver to Plaintiff, a <u>separate</u> Notice of Hearing with its December 27th motion, which is a violation of (F.R.C.P.) LR 7.1(h)(1). This is also a violation of LR 7.1 (b), which states that, a "failure to file a Notice of Hearing with a motion shall likewise be construed to be consent to the entry of an adverse order." Defendant's December 27th Certification of Service does not mention that a Notice of Hearing was delivered to Plaintiff and no notice was delivered to Plaintiff. Plaintiff did not receive a separate Notice of Hearing. For these violations of civil procedure and other reasons described herein, Plaintiff requests this court enter an adverse order denying "FRS' Motion".

2.4 "FRS' Motion" shows a hearing date of February 6, 2012. Federal Rules of Civil Procedure LR 7.1(h)(2)(b) requires that "the date of the hearing

1 must be at least 50 days after the motion's filing". This would require that the
2 hearing be set at least 50 days after December 27, 2011 which would be at least
3 February 15, 2012. FRS' hearing date of February 6th is less than the mandatory
4 February 15, 2012 date in violation of LR 7.1(h)(2)(b). For these violations of civil
5 procedure and other reasons described herein, Plaintiff requests this court enter an
6 adverse order denying "FRS' Motion".

7     2.5 In violation of F.R.C.P. 5.2, FRS entered into the record an affidavit that
8 contained Plaintiff's personal cell phone number without redacting all but the last
9 four digits which is a violation of Plaintiff's state and federal constitutional rights
10 of privacy. FRS had no right to possess that number and has offered no proof of
11 such a right to it. But even if it did have a right, it had no right to place the private
12 cell number in the public record without Plaintiff's permission. The fact that the
13 un-redacted document remained in public view, available for anyone to see, is a
14 fact that cannot be denied. For these violations of privacy and civil rights, actions
15 contrary to good-faith and for other reasons described herein, Plaintiff requests this
16 court enter an adverse order denying "FRS' Motion".

17     2.6 FRS' Motion to Dismiss is improper since FRS had already submitted
18 an answer to the complaint on November 8, 2011. Motions to dismiss are to be
19 filed prior to any other pleadings. The idea of a motion to dismiss is that the
20

complaint (or more specifically, the claim) is so lacking in merit that no answer is necessary and there is therefore no reason to start drafting an answer. When considering a motion to dismiss, the court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). Although the complaint must contain factual allegation that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id. at 556*, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556). Discovery has not been completed and therefore both a Motion to Dismiss and a Motion For Summary Judgment are premature. All the allegations of the complaint are to considered true and considered in a light most favorable to the plaintiff and all doubts or inferences are to resolved in the plaintiff's favor. Under Federal Rule 12(b), the Court must deny the Defendant's motion to dismiss unless

PLAINTIFF'S OPPOSITION TO FRS' MOTION
FOR SUMMARY JUDGMENT OF DISMISSAL
OR ALTERNATIVELY, MOTION FOR
JUDGMENT ON THE PLEADINGS

PAGE 4 OF 8

the Defendant demonstrates "beyond doubt that the Plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief." *Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir.1997)*. In making this determination, the Court must also "accept the factual allegations in the Plaintiff's complaint and must construe those facts in the light most favorable to the Plaintiff." *Id.*

2.7 Unlike a motion to dismiss, a Motion for Summary Judgment is usually brought after discovery has occurred. In the present case discovery has not been completed and therefore Defendant's motion for summary judgment should be denied or delayed until completion of discovery.

2.8 FRS violated F.R.C.P., LR10.1(e) by not sequentially paginating in their entirety all documents including exhibits, filed with the court. FRS' original Motion For Summary Judgment and the attached documents were not sequentially paginated in their entirety per LR 10.1. For these violations of civil procedure and other reasons described herein, Plaintiff requests this court enter an adverse order denying "FRS' Motion".

2.9 These violations of the FRCP and other violations of privacy cannot be overlooked or dismissed as just inadvertent mistakes, because FRS' attorney Mr. Bernheim is a professional, experienced attorney who is expected to comply with the court rules of civil procedure and the rules of professional conduct, which he

has failed to do. The legal process is complex enough without these types of violations of the FRCP and laws making it even more difficult and time consuming for the court and for all parties especially the pro se litigant. FRS has repeatedly taken action contrary to law and the rules of the court, as shown herein. When considering the whole of FRS' violations of the civil rules and procedures, and violations of laws Plaintiff moves the court to deny FRS' motion with prejudice.

### III. ADDITIONAL FACTS IN SUPPORT OF PAINTIFF'S OPPOSITION TO FRS' MOTION

3.1 FRS admits in its "Specific Facts Relied Upon In Support of Motion For Summary Judgment" ("Specific Facts"), to making five (5) calls to cell phone number ***0834. FRS admits to making the following calls to that number on the following dates: March 8, 2011 at 6:20 p.m.; March 9, 2011 at 5:13 p.m.; March 15, 2011 at 8:26 p.m.; March 15, 2011 at 8:28 p.m.; March 16, 2011 at 1:15 p.m.

3.2 Brian Bowers confirms these dates in his affidavit dated and notarized on December 2, 2011.

3.3 Cell phone number ***0834 is a private number that has never been given out to any creditor or debt collector, including, Barclays and FRS. The number belongs to my wife and the number has never been listed on any application for credit. FRS also never claimed the number was on any alleged application. Neither Barclays nor FRS had permission to call that private number.

3.4 Simply making these cell phone calls without express written consent were violations of the TCPA and RCW 9.73. FRS does not allege that it had express consent to call the cell phone, but only claims consent for the residential phone number calls. FRS's alleged application attached to the Motion for Summary Judgment only lists the residential phone number, not the cell number. Therefore FRS did not have express written consent to have the \*\*\*0834 number, to call the \*\*\*0834 number or to record any of those calls. FRS claims that it records all calls. Therefore these calls were per se violations of TCPA and RCW 9.73. Making calls to this cell number were clear violations of law.

3.5 FRS violated the FDCPA by making the cell phone calls in violation of 15 U.S.C. §1692 (d), (e)(5) and (f).

3.6 In addition Plaintiff respectfully requests leave of the court to file an amended complaint to include additional facts and allegations including the fact that FRS threatened legal action against my wife (that FRS was unable or unwilling to take) during one particular phone conversation, which is a violation of 15 U.S.C. §1692 (d), (e)(5) and (f). In addition, at the same time, FRS did not notify my wife until the end of the conversation that the phone conversation was being recorded. This is one of the recordings Plaintiff will seek from FRS through discovery.

3.7 Plaintiff has requested records from Verizon through discovery and is awaiting those records. Discovery is not yet complete. Upon receipt of records and responses to further discovery Plaintiff will move the court for leave to file an amended complaint.

3.8 In Defendant's affidavit, FRS has stated that it records all calls and that it also left messages. Not one time in any of those calls did FRS announce at the beginning of the call, that the call was being recorded. This includes, but is not limited to, the two times when my wife called FRS on my behalf. This is a violation of RCW 9.73.030 Right of Privacy and is guilty of a gross misdemeanor. Not announcing at the beginning of the call that it was being recorded is a criminal act (RCW 9.73.080) and an unfair and unconscionable means to attempt to collect an alleged debt. This is a violation of the FDCPA, 15 U.S.C. 1692f.

Since discovery is not completed, Plaintiff respectfully requests deny FRS' motion with prejudice or postpones until discovery is complete.

Respectfully submitted,

Dated: February 1, 2012   By: _____
Carl H. Plumb
4902 Richey Rd.
Yakima, WA 98908
(509) 965-4304

PLAINTIFF'S OPPOSITION TO FRS' MOTION
FOR SUMMARY JUDGMENT OF DISMISSAL           PAGE 8 OF 8
OR ALTERNATIVELY, MOTION FOR
JUDGMENT ON THE PLEADINGS

1  Carl H. Plumb
   4902 Richey Rd.
2  Yakima, Washington [98908]
   Telephone: (509) 965-4304
3

4

## U.S. DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| Carl H. Plumb, pro se<br>　　　　　　　　　　Plaintiff,<br>vs.<br>BARCLAYS BANK DELAWARE, et al,<br>　　　　　　　　　　Defendants. | NO.  CV-11-3090-RMP<br><br>CERTIFICATE OF MAILING |
|---|---|

On February 1, 2012, I deposited in the U.S. Mail, (1) Plaintiff's Opposition to Defendant's Motion For Summary Judgment Of Dismissal, Or Alternatively, Motion For Judgment On The Pleadings, and Memorandum In Support of Opposition, and (2) Declaration of Mailing, addressed to:

Stephen A. Bernheim
512 Bell Street
Edmonds, Washington 98020

Andrew G Yates
John S. Devlin III
Lane Powell PC
1420 Fifth Ave., Suite 4100
Seattle, WA 98101

I declare under penalty of perjury under the Laws of the State of Washington

Certificate of Mailing            PAGE 1 OF 2

| | |
|---|---|
| 1 | that the foregoing is true and correct. |
| 2 | EXCUTED at Yakima, Washington this 1st day of February, 2012. |
| 3 | Dated: February 1, 2012  By: _____ |
| 4 | Carl H. Plumb |
| | 4902 Richey Rd. |
| 5 | Yakima, WA 98908 |
| | (509) 965-4304 |