UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARL H. PLUMB,<br><br>      Plaintiff,<br><br> v.<br><br>BARCLAYS BANK DELAWARE; FIRSTSOURCE ADVANTAGE, LLC; COLLECTCORP CORPORATION; PLAZA ASSOCIATES, a/k/a AID Associates, Inc.; FINANCIAL RECOVERY SERVICES, INC.; PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>      Defendants. | NO: CV-11-3090-RMP<br><br>ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT<br><br><br>*Clerk's Office Action Required* |

  This matter comes before the Court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, ECF No. 42, by Defendant Barclays Bank Delaware ("Barclays"), and on a motion for summary judgment pursuant to Fed. R. Civ. P. 56, or, alternatively, for

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT ~ 1

judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), ECF No. 64, by Defendant Financial Recovery Services, Inc. ("FRS").

## BACKGROUND

**Procedural Background**

Carl Plumb initiated this matter by notifying some of the defendants that he intended to file a complaint raising the claims for violations under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Washington Collection Agencies Act ("WCAA"), RCW § 19.16.100 et seq., and the Washington Consumer Protection Act ("WCPA"), chapter 19.86 RCW, the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the Washington Fair Credit Reporting Act ("WFCRA), RCW 19.18.005, the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the privacy rights protected by RCW 9.73.030.

Former defendants Collectcorp Corporation ("Collectcorp") and Phillips & Cohen Associates, Ltd. ("Phillips") removed the action to federal court. Mr. Plumb subsequently stipulated to dismissal of Collectcorp, ECF No. 51, Phillips, ECF No. 53, FirstSource Advantage, LLC ("FirstSource"), ECF No. 45, and Plaza Associates ("Plaza"), ECF No. 60. Remaining Defendants Barclays and FRS now separately move for dismissal of the claims against them.

**Factual Background**

Unless otherwise noted, the following background consists of Plaintiff Mr. Plumb's factual allegations in his complaint. Mr. Plumb received a letter from former defendant FirstSource in February 2010 attempting to collect on an alleged debt, for an account ending in "9883," owed to Defendant Barclays. The letter provided that Mr. Plumb could dispute the validity of the debt by notifying FirstSource in writing within 30 days after receipt of the letter and, in return, FirstSource would "obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." ECF No. 1-1 at 6. Plaintiff sent letters to FirstSource on February 10, March 27, and April 3, 2010, disputing the alleged debt, requesting verification of the debt, and requesting that FirstSource refrain from contacting Plaintiff by telephone, but did not receive any response.

On June 7, 2010, Plaintiff received a letter dated June 2, 2010, from former defendant Collectcorp attempting to collect on an alleged debt owed by Plaintiff to Barclays for an account ending in "1692." As with the FirstSource notice, the letter assured Plaintiff that verification of the alleged debt and creditor information would be provided if requested. ECF No. 1-1. Plaintiff mailed a letter to Collectcorp disputing the alleged debt on June 8, 2010, but received no response. Plaintiff later discovered that on June 2, 2010, Collectcorp had "willfully and knowingly invaded Plaintiff's right to privacy by obtaining Plaintiff's consumer

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT ~ 3

report ('hard pull') from Transunion Consumer Reporting Agency ('TransUnion') under false pretenses and without a permissible purpose." ECF No. 1-1 at 6.

On October 13, 2010, Plaintiff received a letter dated October 7, 2010, from former defendant Plaza attempting to collect on an alleged debt, for an account ending in "9883." On November 4, 2010, Plaintiff sent Plaza a letter disputing the debt, requesting the name and address of the alleged creditor, and requesting all communication from Plaza to be in writing. Plaintiff received no response. Plaintiff sent a second letter on December 15, 2010, notifying Plaza that it had not provided the previously requested information, but, again received no response.

On March 8, 2011, Plaintiff received a letter dated March 3, 2011, from FRS attempting to collect on an alleged debt to Barclays for an account ending in "9883." The notice provided that FRS would supply Plaintiff with verification of the debt and creditor information upon request. FRS received the letter from FRS on March 25, 2011, but Plaintiff did not receive the requested information.

Rather, on April 8, 2011, Plaintiff received a letter dated April 1, 2011, from now-former defendant Phillips attempting to collect an alleged debt owed to Barclays for an account ending in "9883." Again, on April 12, 2011, Plaintiff mailed a letter disputing the debt, requesting verification of the debt and information regarding the alleged creditor, and asking for all communication from Phillips to be in writing. Plaintiff received no response. Plaintiff also later

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT ~ 4

discovered that Phillips had obtained his consumer credit report on April 1, 2011, "under the false and deceptive pretense that it had a 'Permissible Purpose,' " certifying that its inquiry was 'a periodic review' of Plaintiff's credit history by one of Plaintiff's 'creditors.'" ECF No. 1-1 at 8.

Plaintiff further alleges that on numerous occasions Defendant FRS and former defendant collection agencies called Plaintiff at his residential and cellular ("cell") telephone numbers despite Plaintiff having placed those numbers on the "National Do Not Call Registry" and Plaintiff never having given "prior express consent," "permission," or "release" to contact Plaintiff at those numbers. ECF No. 1-1 at 9. According to Plaintiff, the debt collection agencies did not disclose in their telephone communications their status as debt collectors and concealed their identify by blocking the caller's name and telephone number from appearing on Plaintiff's caller ID. Plaintiff alleges that the debt collection agencies, including Defendant FRS, "repeatedly violated Plaintiff's right of privacy" by "call[ing] Plaintiff more than once within a 12-month period" and "harassed the Plaintiff by communicating with the Plaintiff by communicating with the Plaintiff in any form, manner, or place, more than three times in a single week." ECF No. 1-1 at 10. According to Plaintiff, the collection agencies left recorded messages using an "automatic telephone dialing system or artificial or prerecorded voices on

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT ~ 5

Plaintiff's residential and cell phones without express permission." ECF No. 1-1 at 10.

In addition to Plaintiff's complaint, before the Court is an affidavit by an "authorized representative" of Defendant FRS, Brian Bowers, who states under oath the following, in relevant part.[1] FRS utilizes computerized collections software that, among other things, records collections activities such as the mailing of notices or letters and telephone calls. ECF No. 64-3 at 2. According to that

---

[1] FRS filed the affidavit and attached exhibits as a sealed document, although it did not contain information that required sealing. FRS further redacted Plaintiff's phone numbers in the affidavit and attached exhibits, all apparently out of an awareness that Plaintiff's privacy is very important to him and he wishes his phone numbers to be kept as private as possible. ECF No. 64-3; *see also* ECF No. 72 at 4. Given that sealing of the affidavit and exhibits is not supported by compelling reasons, the Court shall unseal the order and direct that the one reference to Mr. Plumb's full phone number be redacted to conform to his understandable preference for protecting its privacy. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (a party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access to court documents by meeting the 'compelling reasons' standard").

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT ~ 6

1  electronic filing system, FRS initiated 11 contacts with Mr. Plumb in the form of

2  the initial collection letter, mailed on approximately March 2, 2011, five manually

3  dialed phone calls to Plaintiff's home telephone phone number, and five manually

4  dialed calls to Plaintiff's cell phone number.  ECF No. 64-3 at 3-4; *see also* ECF

5  No. 64-2 at 1-2.  Following a script included in Mr. Bowers' affidavit, FRS

6  employees left two voice mail messages on Mr. Plumb's cell phone number and

7  one message at his home phone number.  ECF No. 64-3 at 3.

8       Mr. Bowers affirms that "[u]pon receipt of Plaintiff's dispute letter, FRS

9  closed its file and returned the Account to Barclays."  ECF No. 64-3 at 5.  Mr.

10 Bowers continues, "No further efforts were made by FRS to collect the debt from

11 Plaintiff and no phone calls were made by FRS after March 16, 2011."  ECF No.

12 64-3 at 5.  With respect to Mr. Plumb's assertion regarding the credit report

13 agencies, Mr. Bowers states, "FRS does not furnish information to any consumer

14 reporting agencies and did not furnish any information regarding Plaintiff to any

15 consumer reporting agency."  ECF No. 64-3 at 5.

## ANAYLSIS

**Motion to Dismiss for Failure to State a Claim by Barclays**

18      Mr. Plumb alleges in his Complaint that FRS and the former defendants

19 were all debt collection agencies that Barclays retained to collect on an alleged,

20 disputed debt owed by Plaintiff.  ECF No. 1-1.  Mr. Plumb further alleges that FRS

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY
JUDGMENT ~ 7

and the former defendant collection agencies acted wrongfully by: (1) repeatedly failing to respond to Plaintiff's debt validation requests; (2) called Mr. Plumb numerous times, at both his residential and cell phone numbers, to attempt to collect the alleged debt; (3) recording those phone calls and thereby violating Mr. Plumb's privacy; and (4) with respect to two of the former defendants, improperly requested Mr. Plumb's credit report "under false pretenses" from consumer credit reporting agencies. ECF No. 1-1. Plaintiff's claims against Barclays are based on a theory of agency liability and allege that FRS and the former defendant debt collection agencies were all acting as Barclays' agents.

**Fed. R. Civ. P. 12(b)(6) Standard**

Under Fed.R.Civ.P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a motion under Rule 12(b)(6), a court must "'accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.'" *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). The court "draws all reasonable inferences in favor of the plaintiff." *Association for Los Angeles Deputy Sheriffs*, 648 F.3d at 991.

A complaint may be dismissed for failure to state a claim where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v.*

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT ~ 8

*Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Iqbal*, 129 S. Ct. at 1949).

### FDCPA and WCAA Claims Against Barclays

Creditors generally are not covered as persons who must comply with the FDCPA.[2]  Rather, only "debt collectors," may be held directly liable for a violation of the FDCPA.  *Oei v. N. Star Capital Acquisitions*, LLC, 486 F.Supp.2d 1089, 1097 (C.D.Cal.2006); *see also Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th Cir.1998).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another." 15 U.S.C. § 1692a(6).

---

[2] The two exceptions, creditors using a false name, 15 U.S.C. § 1692a(6), and creditors collecting for another person, 15 U.S.C. § 1692a(6), do not apply to the circumstances alleged by Mr. Plumb.

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT ~ 9

Given that Mr. Plumb acknowledges that Barclays is an alleged creditor, ECF No. 1-1 at 4, and the complaint does not allege facts that indicate that Barclays fits the definition of "debt collector," only vicarious liability could bring Barclays within the realm of the FDCPA. However, even vicarious liability under the FDCPA has been restricted to principals who themselves are statutory "debt collectors." *Oei*, 486 F.Supp.2d at 1097; *see, e.g., Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403–04 (3d Cir.2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir.1996) ("We do not think it would accord with the intent of Congress, as manifested in the terms of the Act, for a company that is not a debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a 'debt collector.'").

Likewise, the WCAA regulates "collection agencies" that operate in Washington State and explicitly excludes banks and creditors from its definition of "collection agency." RCW 19.16.100(3)(c). Again, Mr. Plumb refers to Barclays in his complaint as an alleged creditor, and he further characterizes Barclays as a "banking entity." ECF No. 1-1 at 4. Therefore, with respect to both the FDCPA and WCAA claims, Mr. Plumb does not state a claim upon which relief may plausibly be granted.

/ / /

/ / /

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT ~ 10

**Other Claims Against Barclays**

Plaintiff argues that Barclays' arguments for dismissal for failure to sufficiently allege an agency relationship ignore Plaintiff's allegations regarding specific wrongful acts by Barclays.  ECF No. 59 at 3.  Those allegations include that Barclays wrongfully failed to disclose to the various collection agencies that the debt was dispute, that it failed to ensure that the collections agencies maintained procedures reasonably adapted to avoid any violations of law, that it is responsible for its agents and debt collectors, and that its wrongful action resulted in psychological and financial harm to Plaintiff.  *See* ECF No. 1-1 (Paragraphs 24, 28, 55, 59, 83, 92, and 104).

Upon close examination of Plaintiff's complaint, particularly of the paragraphs emphasized above, the Court finds nothing to allege any other cause of action except for a violation of the FDCPA for failure to communicate that a debt was disputed in violation of 15 U.S.C. § 1692e(8) and any analogous provision of the WCAA.  However, as discussed above, under the facts alleged by Plaintiff, Barclays is not subject to liability under the FDCPA or the WCAA.  The Court, therefore, dismisses the complaint in its entirety with respect to Barclays.

/ / /

/ / /

/ / /

**Motion for Summary Judgment, or, in the Alternative, for Judgment on the Pleadings**

### Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 56 Standards

FRS moves alternatively for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or summary judgment pursuant to Fed. R. Civ. P. 56.  The legal standards governing Rules 12(c) and 12(b)(6) are "functionally identical." *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir.1989), as both permit challenges directed at the legal sufficiency of the parties' allegations. Thus, a judgment on the pleadings is appropriate when the pleaded facts, accepted as true and viewed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 (9th Cir.1992); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.2009).

 "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Proc. 12(d).

### Verification of Debt

Alleged debtors have a period of 30 days within which to question the validity of the debt and respond to the initial communication of a collection agency.  15 U.S.C. § 1692g(a); *see also Swanson v. Southern Oregon Credit*

*Service*, 869 F.2d 1222 (9th Cir. 1988). The debt collector must cease collection until the debt is verified. 15 U.S.C. § 1692g(b).

However, according to both Plaintiff's complaint and FRS's submitted affidavit, FRS did not continue to attempt to collect the disputed debt. ECF No. 1-1 at 8; ECF No. 64-3 at 5. Instead, FRS returned the account to Barclays, and, according to Mr. Plumb's complaint former defendant Phillips was next assigned the account.

### **Invasion of Privacy and Telephone Harassment**

There are numerous ways in which a debt collector may harass an alleged debtor by telephone in violation of the FDCPA and other relevant statutes. They include failing to meaningfully identify themselves or calling the consumer at an inconvenient time, such as between 9:00 p.m. and 8:00 a.m., or at an inconvenient place, such as at the workplace. *See* 15 U.S.C. §§ 1692e, 1692c(a)(1). Furthermore, the TCPA prohibits calling a cell phone using an automated dialing system or leaving a prerecorded voice message on a cell phone or any other device where the called party is charged for the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

However, none of Plaintiff's allegations succeeds in stating a plausible claim for relief or creating a material question of fact on any of the claims of telephone harassment. Transmission by a debt collector of "unavailable" to a caller ID

device is not false or deceptive behavior under section 1692d(6) of the FDCPA. *See Glover v. Client Servs., Inc.*, 2007 WL 2902209 (W.D. Mich., Oct. 2, 2007).

Moreover, Plaintiff does not allege that the phone calls he received from FRS were at an inconvenient time or at a presumptively unreasonable place, and Mr. Bowers' affidavit demonstrates that none of those calls was dialed after 9:00 p.m. or before 8:00 a.m. or made to Plaintiff at his workplace phone number. ECF No. 64-3. Rather, Plaintiff, according to the documents before the Court, never incurred charges by answering a phone call from an FRS employee, and Mr. Plumb received only three voicemail messages from FRS, which were not prerecorded but instead utilized a relatively brief script. *See* ECF No. 64-3.

### Inquiry with Credit Report Agency

Mr. Plumb does not allege that Defendant FRS made a false inquiry with a credit reporting agency, and the affidavit from FRS representative Mr. Bowers affirms that FRS did not furnish any information regarding Plaintiff to any credit reporting agency. *See* ECF No. 64-3 at 5.

### CONCLUSION

Finally, Plaintiff argues that he should have the opportunity to pursue discovery from FRS. However, Mr. Plumb does not make a showing that additional discovery could preclude summary judgment with respect to FRS. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir.1994) (a district court

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT ~ 14

errs in denying a request for additional discovery only "if the movant can show how allowing additional discovery would have precluded summary judgment."); *see also* Fed. R. Civ. P. 56(d) ("If a nonmovant [for summary judgment] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may allow additional discovery to take other appropriate action).

Rather, the Court finds that Mr. Plumb's claims against the lone remaining debt collection agency defendant, FRS, lack a legal basis and do not raise any material questions of fact.

Accordingly, **IT IS HEREBY ORDERED:**

1. Barclays' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), **ECF No. 42**, is **GRANTED**. Mr. Plumb's claims against Barclays are **dismissed with prejudice with respect to the FDCPA and WCAA claims. Judgment shall be entered for Barclays on those claims** without costs for either party. Mr. Plumb's other claims are **dismissed without prejudice** because the Court cannot determine at this time that amendment would be futile. In the event that Plaintiff determines that he can, in good faith, allege additional facts to state claims against Barclays under the other federal and state statutes, he must file any amended complaint **by July 3, 2012**.

ORDER ADRESSING MOTION TO DIMISS AND MOTION FOR SUMMARY JUDGMENT ~ 15

2. FRS's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, or, Alternatively, for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(C), **ECF No. 64,** is **GRANTED**. The District Court executive is directed to **enter judgment for FRS without fees or costs to any party**.

The District Court Executive is directed to enter this Order, provide copies to Mr. Plumb and to counsel, and to unseal ECF No. 64-3 while redacting the phone number ending in "0834" in Paragraph 20 at ECF No. 64-3 at 4.

**DATED** this 5th day of June 2012.

                *s/ Rosanna Malouf Peterson*
              ROSANNA MALOUF PETERSON
              Chief United States District Court Judge